## WILLIAMS EVANGELINE CONFECTION CO. v. U. R. S. CANDY STORES, Inc.

(Court of Appeals of District of Columbia. Submitted November 16, 1923. Decided January 7, 1924.)

### No. 1612.

1. Trade-marks and trade-names and unfair competition ☞21—Both applicants denied registration, where mark was used by third parties prior to adoption by either.

   Under Trade-Mark Act, § 7 (Comp. St. § 9492), where a trade-mark was claimed by two applicants, and a third party used the mark long before either party had adopted it, neither applicant is entitled to registration.

2. Trade-marks and trade-names and unfair competition ☞43—Use of word "Evangeline" on candy held a trade-mark, and not grade mark.

   Where a third party had placed thousands of cartons of candy bearing the mark "Evangeline" in interstate commerce, and retailers had ordered the candy by that name, held, that the mark indicated the origin of the candy, and was used as a trade-mark, and not a grade mark.

3. Trade-marks and trade-names and unfair competition ☞43—Use of mark on only one grade does not establish grade mark.

   The use of a mark only on one class or grade of candy does not establish that it is to be treated merely as a grade mark.

4. Trade-marks and trade-names and unfair competition ☞32—Agreement by stockholders, held not to amount to abandonment of corporate mark.

   An agreement by stockholders, by which they purported to convey all of the corporate contracts, trade-marks, brand names, etc., held not to amount to an abandonment of a trade-mark as stockholders of a corporation cannot convey its property.

5. Trade-marks and trade-names and unfair competition ☞44—Testimony of use of mark held to show no intention of disposing of it.

   Testimony that from time to time, down to the institution of the present proceedings, a third party continued to use the trade-mark in question, indicates that that party had no intention of disposing of it.

Appeal from the Commissioner of Patents.

Interference proceeding in which is involved registration of a trademark by the Williams Evangeline Confection Company and the U. R.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. Candy Stores, Inc. From a decision that neither party was entitled to registration, the first-named party appeals. Affirmed.

F. S. Maguire and W. T. Estabrook, both of Washington, D. C., and John F. Corcoran, of Philadelphia, Pa., for appellant.

Edward T. Fenwick, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. [1] This is an interference proceeding, in which are involved two applications—one by the appellant, and the other by the appellee—for registration of the word "Evangeline" as a trade-mark for candies. The Examiner of Interferences held that neither party was entitled to registration, because, as he found, the claimed mark was owned and used by Fuerst & Kraemer, Limited, a corporation, long before either of the applicants had adopted it. From his decision the Williams Evangeline Confection Company, but not the U. R. S. Candy Stores, Inc., appealed to the Commissioner of Patents, who sustained the Examiner. If the Examiner's facts be correct, his view of the law is sound. Section 7, Trade-Mark Act, 33 Stat. 726 (Comp. St. § 9492); Schierling v. Schulze Baking Co., 46 App. D. C. 50.

[2] Appellant concedes that the mark was used by Fuerst & Kraemer, Limited, long before it had adopted the mark, but contends that it was used as a grade mark and not as a trade-mark. In addition, it asserts that, if it be found that this contention is not correct, and that the use made of it was a trade-mark use, then that Fuerst & Kraemer, Limited, had abandoned it.

[3] The mark, it is true, was used only on one class or grade of the candy put out by Fuerst & Kraemer, Limited, but this does not establish that it is to be treated merely as a grade mark. Lawrence Manufacturing Co. v. Tennessee Manufacturing Co., 138 U. S. 537, 547, 11 Sup. Ct. 396, 34 L. Ed. 997. In that case it was held that:

"If the primary object of the mark be to indicate origin or ownership, the mere fact that the article has obtained such a wide sale that it has also become indicative of quality, is not of itself sufficient to debar the owner from protection, and make it the common property of the trade"—citing Burton v. Stratton (C. C.) 12 Fed. 696.

From 1911 to the present time, thousands of cartons of candy bearing the mark "Evangeline" have been placed in interstate commerce by Fuerst & Kraemer, Limited. By that name the candy has been ordered, by the trade and sold by the retailers. No other mark has been used on the carton. Nor has any witness said it was ever treated as a grade mark. The name, in our judgment, clearly indicates origin of the candy. There is nothing in Touraine Co. v. F. B. Washburn & Co., 286 Fed. 1020, 52 App. D. C. 356, which lends support to appellant's contention. In that case the word "Touraine" was claimed as a trade-mark for candy and confections. The foreman for 25 years of Washburn & Co., manufacturer of the candy, testified that the word referred distinctly to the grade or quality of the chocolate. Another

one, who had been in the service of Washburn & Co. for 7 years, gave testimony to the same effect. Washburn & Co. used the word "Walco" as a trade-mark and applied this to all cartons and packages upon which the mark "Touraine" appeared. They received from applicant at times packages of candy bearing the mark "Touraine" and distributed them to the trade without objection. For 14 years, with full knowledge of the use of the mark by the applicant, Washburn & Co. took no exception to its use. In the light of these facts, and for other reasons given in the opinion, it was held that the word "Touraine" had never been used as a trade-mark by Washburn & Co.

[4] The claim of abandonment is baseless. Fuerst & Kraemer, Limited, as we have said, is a corporation. The stockholders thereof entered into an agreement with the Candy Stores corporation by which they conveyed, or purported to convey, to it all their interest in the capital stock which they owned, and attempted to transfer all contracts, trade-marks, brand names, etc., owned by Fuerst & Kraemer, Limited, to the Candy Stores corporation. It is said in behalf of the appellant that this act by the stockholders amounted to an abandonment of the mark by Fuerst & Kraemer, Limited. Of course, this cannot be so. It is elementary that the stockholders of a corporation as such cannot convey the property of the corporation. Eichelberger et al. v. Arlington Building, Inc., et al., 280 Fed. 997, 52 App. D. C. 23; Button v. Hoffman, 61 Wis. 20, 20 N. W. 667, 50 Am. Rep. 131; Rough v. Breitung, 117 Mich. 48, 75 N. W. 147; Elliott on Private Corporations (5th Ed.) p. 9.

[5] Therefore the attempt just mentioned was futile. Moreover, the testimony is quite clear to the effect that from that time down to the institution of these proceedings Fuerst & Kraemer, Limited. continued to use the mark as before, which indicates that it had no intention of disposing of it. The case of Sauers Milling Co. v. Kehlor Flour Mills Co., 39 App. D. C 535, is not in point. There the owners of the trade-mark attempted to convey it without conveying the business with which it was connected. It was held that the attempt was without legal efficacy, but that it might be used as evidence of a purpose to abandon the mark. Here, as we have seen, no attempt was made by the owner of the mark, Fuerst & Kraemer, Limited, to convey it, but by the stockholders, persons who had no right to it.

We are satisfied that there is no error in the record, and therefore affirm the decision of the Commissioner.

Affirmed.