PARIS et al. v. W. W. STEWART & SONS.

(Court of Appeals of District of Columbia. Submitted January 11, 1927. Decided February 7, 1927.)

No. 1897.

1. **Trade-marks and trade-names and unfair competition** ⊕=44—**Right to contest registration of trade-mark held not defeated by alleged mislabeling of products.**

Right to contest registration of trade-mark *held* not defeated by alleged bad faith in labeling cigars as Havana cigars, when they contained by weight no more than two-thirds of Havana tobacco.

2. **Trade-marks and trade-names and unfair competition** ⊕=45½, New, vol. 7A Key-No. **Series—Evidence of prior use of trade-mark "John Hay Cadets" held to warrant cancellation of trade-mark "Cadets" for use on cigars.**

Evidence of prior use of trade-mark "John Hay Cadets" on cigars *held* to warrant cancellation of trade-mark "Cadets," accompanied by representation of a cadet for use on cigars, as against claim that latter mark was a grade name, indicating size and quality only.

Appeal from the Commissioner of Patents.

Trade-mark cancellation proceeding by W. W. Stewart & Sons against Raphael N. Paris and Benjamin Paris, assignees. From a decision of the Commissioner of Patents, granting cancellation, registrants appeal. Affirmed.

J. E. Cross, of Baltimore, Md., for appellants.

Joshua R. H. Potts and G. B. Parkinson, both of Philadelphia, Pa., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from concurrent decisions of the Patent Office, sustaining a petition filed by appellee, and canceling the registration dated September 12, 1922, of appellant's trade-mark "Cadets," accompanied by the representation of a cadet, for use upon cigars. The cancellation proceeding was filed under the provisions of section 13 of the Trade-Mark Act of February 20, 1905 (Comp. St. § 9498), by the appellee, claiming prior ownership and use of the mark in issue. Testimony was introduced in behalf of both parties.

[1] It was claimed by appellant that appellee should not be heard to contest the registration, because of appellee's alleged bad faith in labeling its cigars as Havana cigars, whereas they contained by weight no more than two-thirds of Havana tobacco. This contention, however, was rightly overruled upon the facts and circumstances of the case. [2] It appears, according to the findings of the Examiner and the Commissioner, that since the year 1905 the appellee had used the notation "John Hay Cadets" on cigars, whereas the appellant did not use its notation, to wit, "Havana Cadet," prior to the year 1909. In addition to the word "Cadets," appellee had also used the notations "Club House," "Invincibles," and others associated with the notation "John Hay," and it appears from the testimony that the word "Cadets" has always been associated with the notation "John Hay." It also appears that the word "Cadets," as used by appellee, has been confined to a cigar of a particular size, and it is claimed by appellant that the name is a grade name indicating size or quality only, and not a trade-mark, indicating the origin of the cigars.

This contention was overruled below, and it was held that the name performed both functions, and would likely be relied upon by the purchasing public as indicating origin as well as size or quality. Williams Evangeline Confection Co. v. U. R. S. Candy Stores, 54 App. D. C. 68, 294 F. 999. It was also held below that the resemblance between the notations in question, to wit, "John Hay Cadets" and the word "Cadets," is sufficient to cause confusion in trade, and that injury to the appellee would necessarily follow. The appellant's registration was accordingly canceled.

We have examined the testimony in the case, and are of the opinion that it sustains the decisions entered below. The decision of the Commissioner is therefore affirmed.