## BUTTON vs. HOFFMAN.

*September 3 — September 24, 1884.*

*Parties: Replevin for property of corporation.*

One who, by purchase or otherwise, becomes the owner of all the capital stock of a private corporation, does not thereby become the legal owner of its property, and cannot maintain replevin therefor in his own name.

APPEAL from the Circuit Court for *Jackson* County.

Replevin. The facts sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *C. F. Ainsworth,* attorney, and oral argument by *S. U. Pinney.*

For the respondent the cause was submitted on the brief of *Curl C. Pope.*

ORTON, J. This is an action of replevin in which the title of the plaintiff to the property was put in issue by the answer.

In his instructions to the jury the learned judge of the circuit court said: "I think the testimony is that the plaintiff had the title to the property." The evidence of the plaintiff's title was that the property belonged to a corporation known as "The Hayden & Smith Manufacturing Company," and that he purchased and became the sole owner of all of the capital stock of said corporation. As the plaintiff in his testimony expressed it, "I bought all the stock. I own all the stock now. I became the absolute owner of the mill. It belonged at that time to the company, and I am the company." There was no other evidence of the condition of the corporation at the time. Is this sufficient evidence of the plaintiff's title? We think not. The learned counsel of the respondent in his brief says: "The property had formerly belonged to the Hayden & Smith Manufacturing Company, but the respondent had purchased and become the owner of all the stock of the company, and thus became its sole owner."

From the very nature of a private business corporation, or, indeed, of any corporation, the stockholders are not the private and joint owners of its property. The corporation is the real, though artificial, person substituted for the natural persons who procured its creation and have pecuniary interests in it, in which all its property is vested, and by which it is controlled, managed, and disposed of. It must purchase, hold, grant, sell, and convey the corporate property, and do business, sue and be sued, plead and be impleaded, for corporate purposes, by its corporate name. The corporation must do its business in a certain way, and by its regularly appointed officers and agents, whose acts are those of the corporation only as they are within the powers and purposes of the corporation. In an ordinary copartnership the members of it act as natural persons and as agents for each other, and with unlimited liability. But not so with a corporation; its members, as natural persons, are merged in

the corporate identity. Ang. & A. on Corp. secs. 40, 46, 100, 591, 595. A share of the capital stock of a corporation is defined to be a right to partake, according to the amount subscribed, of the surplus profits obtained from the use and disposal of the capital stock of the company to those purposes for which the company is constituted. Id. sec. 557. The corporation is the trustee for the management of the property, and the stockholders are the mere *cestui-que-trusts*. *Gray v. Portland Bank*, 3 Mass. 365; *Eidman v. Bowman*, 4 Am. Corp. Cas. 350. The right of alienation or assignment of the property is in the corporation alone, and this right is not affected by making the stockholders individually liable for the corporate debts. Ang. & A. on Corp. sec. 191; *Pope v. Brandon*, 2 Stewart (Ala.), 401; *Whitwell v. Warner*, 20 Vt. 444. The property of the corporation is the mere instrument whereby the stock is made to produce the profits, which are the dividends to be declared from time to time by corporate authority for the benefit of the stockholders, while the property itself, which produces them, continues to belong to the corporation. *Bradley v. Holdsworth*, 3 Mees. & W. 422; *Waltham Bank v. Waltham*, 10 Met. 334; *Tippets v. Walker*, 4 Mass. 595. The corporation holds its property only for the purposes for which it was permitted to acquire it, and even the corporation cannot divert it from such use, and a shareholder has no legal right to it, or the profits arising therefrom, until a lawful division is made by the directors or other proper officers of the corporation, or by judicial determination. Ang. & A. on Corp. secs. 160, 190, 557; *Hyatt v. Allen*, 4 Am. Corp. Cas. 624. A conveyance of all the capital stock to a purchaser gives to such purchaser only an equitable interest in the property to carry on business under the act of incorporation and in the corporate name, and the corporation is still the legal owner of the same. *Wilde v. Jenkins*, 4 Paige, 481. A legal distribution of the property after a dissolution of the corporation

and settlement of its affairs, is the inception of any title of a stockholder to it, although he be the *sole* stockholder. Ang. & A. on Corp. sec. 779*a*.

These general principles sufficiently establish the doctrine that the owner of all the capital stock of a corporation does not therefore own its property, or any of it, and does not himself become the corporation, as a natural person, to own its property and do its business in his own name. While the corporation exists he is a mere stockholder of it, and nothing else. The consequences of a violation of these principles would be that the stockholders would be the private and joint owners of the corporate property, and they could assume the powers of the corporation, and supersede its functions in its use and disposition for their own benefit without personal liability, and thus destroy the corporation, terminate its business, and defraud its creditors. The stockholders would be the owners of the property, and, at the same time, it would belong to the corporation. *One* stockholder owning the whole capital stock could, of course, do what several stockholders could lawfully do. It is said in *Utica v. Churchill*, 33 N. Y. 161, "the interest of a stockholder is of a *collateral* nature, and is not the interest of an *owner;*" and in *Hyatt v. Allen, supra*, that "a shareholder in a corporation has no legal title to its property or profits until a division is made." In *Winona & St. P. R. R. Co. v. St. P. & S. C. R. R. Co.* 23 Minn. 359, it is held that the corporation is still the absolute owner, and vested with the legal title of the property, and the real party in interest, although another party has become the owner of the sole beneficial interest in its rights, property, and immunities. In *Baldwin v. Canfield*, 26 Minn. 43, it was held that the sole owner of the stock did not own the land of the corporation so as to convey the same. In *Bartlett v. Brickett*, 14 Allen, 62, an action of replevin was brought by A., B., and C., as the "Trustees of the Ministerial Fund in the North

Parish in Haverhill," which was the corporate name. In portions of the writ the plaintiffs were referred to as "the said trustees" and "the said plaintiffs." In the bond, "A., B., and C., trustees as aforesaid," became bound, and the officer, in his return, certified that he had taken a bond "from the within-named A., B., and C.," and the property was receipted by "A., B., & C., plaintiffs." It was held that the action was not by the corporation, as it should have been, and judgment was rendered for the defendant. It is said in *Van Allen v. Assessors*, 3 Wall. 584, "the corporation is the legal owner of all the property of the bank, both real and personal." In *Wilde v. Jenkins, supra*, where a copartnership bought all the property and effects, together with the franchises, of a corporation, and elected themselves trustees of the corporation, it was held that the corporation was not dissolved, and that the legal title to the real and personal property was still in the corporation for their benefit. In *Mickles v. R. C. Bank*, 11 Paige, 118, it was held that, although a corporation was deemed to have surrendered its charter for non-user, it was not dissolved, and would not be until its dissolution was judicially declared, and that until then its property could be taken and sold by its judgment creditors. In *Bennett v. Am. Art Union*, 5 Sandf. Super. Ct. 614, it was held that, "as a general rule, the whole title, legal and equitable [to its property], is vested in the corporation itself," and that the individual members have no other or greater interest in it than is expressly given to them by the charter, and the prayer of the complainant, as a shareholder in the Art Union, for an injunction against a certain disposition of its property, was denied, because he had no interest in it. See, also, *Goodwin v. Hardy*, 57 Me. 143.

It is true that none of the above cases are precisely parallel with the present case in facts, but they are sufficiently analogous to be authority upon the principle that the plaintiff, as the sole stockholder of the corporation, is not the legal

owner of its property. He may have an equitable interest in it, but in this action he must show a legal title to the property in himself in order to recover, and he has shown that such title is in another person. *Timp v. Dockham,* 32 Wis. 146; *Sensenbrenner v. Mathews,* 48 Wis. 250. In analogy to the above principle it was held in *Murphy v. Hanrahan,* 50 Wis. 485, that the sole heirs of an estate did not have such a legal title to a promissory note given to their father as would entitle them to sue the maker upon it, because the title to it was in the administrator, and they could obtain the title only by administration and distribution according to law. The heirs in that case certainly had as much equitable interest in that note as this plaintiff has in the property in controversy. The want of title to the property being fatal to the plaintiff's recovery in the action between the present parties, other alleged errors will not be considered.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.