RANDALL *v.* DUDLEY.

CORPORATIONS—SOLE STOCKHOLDER—RIGHT TO SUE AS INDIVIDUAL.

The mere fact that one has become the owner of all the stock of a private corporation does not entitle him to sue in his own name upon an account stated with the corporation, but his succession to its interests must be averred and proved.[1]

Error to Saginaw; Wilber, J. Submitted November 12, 1896. Decided January 5, 1897.

*Assumpsit* by Robert M. Randall against Fred A. Dudley on an account stated. From a judgment for plaintiff, defendant brings error. Reversed.

*John F. O'Keefe*, for appellant.

*Hanchett & Hanchett*, for appellee.

MONTGOMERY, J. The Cross Lumber Company was a corporation organized under the laws of this State. In May, 1892, an agreement was made between the Cross Lumber Company and defendant, by the terms of which the Cross Lumber Company was to furnish the capital to be used in the business of buying and selling shingles, etc., and defendant, Dudley, was to manage the affairs of the concern, and the profits and losses were to be equally divided. The business was conducted under the name of F. A. Dudley & Co., and was continued until the spring of 1894, when F. A. Dudley & Co. stopped doing business, closed out the stock on hand, and collected in the accounts as fast as collections could be made. The

[1]Sole ownership of the stock of a corporation is considered in a note to *Louisville Banking Co.* v. *Eisenman Bros. & Co.*, (Ky.) 19 L. R. A. 684.

books of account were kept by defendant, Dudley, and, after the company had ceased active operations, defendant furnished the Cross Lumber Company with a statement from the books, showing the condition of the business. Plaintiff, claiming to have succeeded to the rights of the Cross Lumber Company, brings this action, alleging an account stated, and was permitted to recover in the court below.

Numerous errors are assigned, but we think the case must turn upon the question of the right of the plaintiff to maintain the action in his own name. On the trial it was objected that the plaintiff could not recover, for the reason that no sale or assignment of the Cross Lumber Company's claim to plaintiff was alleged in the declaration. Plaintiff seeks to avoid the force of this objection by claiming that plaintiff had succeeded to the rights of the Cross Lumber Company, and that the account stated was with the plaintiff. The circuit judge treated this fact as conclusively shown by the testimony, but we think that in doing so the court erred. Plaintiff states in his testimony that, after the company ceased operations, defendant furnished the Cross Lumber Company with a statement from the books, showing the condition of the business. The statement sent was a trial balance, which did not purport to be a statement of account between plaintiff and defendant, but in which appeared a debit of the Cross Lumber Company, and also a debit of defendant, to F. A. Dudley & Co., and various other small items of account against different parties.

Plaintiff's testimony as to his succession to the business of the Cross Lumber Company is as follows:

"*Q.* What became of the Cross Lumber Company?

"*A.* I purchased the stock of the stockholders, and closed the business up myself. The business of F. A. Dudley and the Cross Lumber Company was carried on under the firm name of F. A. Dudley & Co.

"*Q.* State whether or not the business of F. A. Dudley

& Co. was transferred to you, together with the other property of the Cross Lumber Company.

"*A.* Yes; an account against them on our books was.

" *Q.* State whether there was any written instrument showing such transfer of the property generally.

" *A.* No; transfer of stock,—the only written transfer there was.

" *Q.* You simply took the property or business yourself afterwards?

"*A.* Yes."

And on cross-examination he further testified upon the subject as follows:

" *Q.* Now, you say that, when the Cross Lumber Company went out of business, in 1893 or 1894, this claim, together with other claims, you purchased for yourself?

" *A.* Yes, sir; that came into my hands from the purchase of the stock,—owning the stock entirely.

" *Q.* Let me understand you. You say that this corporation went out of existence in 1894, or the latter part of 1893. What do you mean by that?

" *A.* Why, according to the law under which we were organized, we were obliged to report to the secretary of state when the business was closed, and we did at that time, or I did it, really.

" *Q.* Was that the time the corporation went out of existence?

"*A.* Yes, sir.

" *Q.* Closed up its business?

" *A.* As near as it could; yes.

" *Q.* And you succeeded to this claim by purchase of the stock from the corporation?

"*A.* Yes, sir."

We think the evidence did not conclusively show that defendant had made a promise to the plaintiff, understanding that he had succeeded to all the interests of the Cross Lumber Company. At most, this was a question for the jury. This being so, the succession of the plaintiff to the Cross Lumber Company should have been averred in the declaration. But, even if averred, it was not shown, as the extent to which the proof went was that the plaintiff had become the sole owner of the stock

of the corporation.    This did not entitle him to sue in his own name.    *Button* v. *Hoffman*, 61 Wis. 20 (50 Am. Rep. 131).

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.