FERNEKES and another, Respondents, vs. NUGENT SANI-
TARIUM, Appellant.

*October 30—November 17, 1914.*

*Corporations: Contracts: Authority of officers: Entire contract: Re-
covery for partial performance.*

1. The owner of a sanitarium transferred it to a corporation of
   which he owned or controlled nearly all of the stock. He be-
   came its general manager and dominated the business about
   as completely as before. Up to the time in question the di-
   rectors of the corporation had not acted as such. The presi-
   dent knew and approved of a proposed addition to the sani-
   tarium. *Held*, that the corporation was bound by the act of
   the manager in employing architects to prepare plans for such
   addition.
2. Where architects employed to prepare plans for a building were
   advised that the owner had concluded not to go on with it and
   that the plans were therefore not wanted, they properly dis-
   continued work and were entitled to recover the reasonable
   value of their services already performed.

APPEAL from an order of the circuit court for Milwaukee
county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover reasonable value of services as architects
in preparing plans and specifications for an addition to de-
fendant's sanitarium. Defenses: (1) Preliminary sketches
only were furnished under an agreement that they were not
to be paid for unless adopted and used, and they were not
adopted and used. (2) Nugent, the officer of defendant with
whom the transaction took place, had no authority to bind the
corporation. The civil judge before whom the action was
tried without a jury found the issues in plaintiffs' favor and
awarded them judgment. On appeal to circuit court, judg-
ment affirmed. Errors assigned in this court: (1) The cor-
poration made no contract with plaintiffs. (2) If it did,
the contract was entire and was never performed, and no re-

covery can be had for part performance. (3) No recovery can be had because the plans and specifications were never delivered. (4) No competent proof that plaintiffs sustained damages to the amount of $400.

For the appellant the cause was submitted on a brief signed by *Walter Schinz,* attorney, and *Geo. A. Bowman,* of counsel.

For the respondents there was a brief by *Williams & Stern,* and oral argument by *E. C. Stern.*

BARNES, J.    1. Early in 1910, M. J. Nugent, being the owner of a sanitarium, transferred it to the defendant corporation. Plaintiffs were employed, if at all, in the fall of 1910. At this time Nugent was the general manager of the corporation, owned or controlled nearly all of its stock, actively conducted its business, and dominated its affairs about as completely as he did the business of his sanitarium before it was incorporated. Practically he was dealing with his own property through a corporate agency as absolutely as he might deal with it as an individual. Up to the time the alleged contract was made the directors did not assume to direct anything. Dr. Gillen, the president of the corporation, knew of the proposed improvement and apparently was in favor of it. It is quite clear that the corporation was bound by Nugent's act in employing plaintiffs. *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 239, 241, 119 N. W. 568, 121 N. W. 124; *St. Clair v. Rutledge,* 115 Wis. 583, 92 N. W. 234; *Northwestern F. Co. v. Lee,* 102 Wis. 426, 78 N. W. 584; *Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 476, 117 N. W. 1020; *Bullen v. Milwaukee T. Co.* 109 Wis. 41, 85 N. W. 115; *McElroy v. Minn. P. H. Co.* 96 Wis. 317, 322, 71 N. W. 652. Indeed, the answer admits the making of an agreement between plaintiffs and the corporation, but alleges that the agreement was essentially different from that claimed by plaintiffs.

2. The second and third points made by the appellant may be considered together.   Plaintiffs did not complete the plans and specifications because they were advised that defendant concluded not to go on with the building and the plans and specifications were not wanted for this reason.   It was not only the right but the duty of plaintiffs to discontinue the work under these circumstances.   *Badger State L. Co. v. G. W. Jones L. Co.* 140 Wis. 73 (121 N. W. 933) and cases cited on p. 79; *Richards v. Manitowoc & N. T. Co.* 140 Wis. 85, 88, 121 N. W. 937.

3. There is sufficient evidence in the record to support the assessment of damages made by the trial court.

*By the Court.*—Order affirmed.