KOENIG, Respondent, vs. GEORGE LOGEMANN & SONS COMPANY, Appellant.

*January 15—February 10, 1920.*

*Corporations: Authority of managing officers: Contract with broker to secure loan.*

Where husband and wife and the wife's father owned all of the stock in a corporation, the husband as secretary and treasurer being the only person who took any active part in the management of the business (there having been no meeting of the directors for five years nor of the stockholders for a year), the corporation is bound by the act of the secretary in employing an agent to procure a loan for the corporation, although there had not been any express authority from the stockholders or directors to make such a contract.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Commission contract. The defendant is a corporation. The plaintiff is a real-estate agent. On October 5, 1917, the defendant employed the plaintiff to procure a loan of $27,000 upon certain property located in the city of Milwaukee, and agreed to pay a commission of two per cent. therefor. The plaintiff procured the loan and claims the amount of his commission, $540. The defendant alleges that the contract with the plaintiff was entered into by one Otto Logemann, secretary of the defendant company; that he was not authorized by the stockholders or directors to make such a contract, and the defendant has not ratified or confirmed it, but on the contrary has repudiated the con-

tract.    From the judgment in favor of the plaintiff the defendant appeals.

The cause was submitted for the appellant on the brief of *Doerfler, Bender & McIntyre* of Milwaukee, and for the respondent on that of *Churchill, Bennett & Churchill* of Milwaukee.

ROSENBERRY, J.. The sole claim of the defendant is that its secretary had no authority to enter into the contract in question.    It is claimed by the defendant that the facts in this case do not bring it within *Northwestern F. Co. v. Lee,* 102 Wis. 426, 78 N. W. 584; *Fernekes v. Nugent Sanitarium,* 158 Wis. 671, 149 N. W. 393; *Milwaukee T. Co. v. Van Valkenburgh,* 132 Wis. 638, 112 N. W. 1083; and *Swedish American Nat. Bank v. Koebernick,* 136 Wis. 473, 117 N. W. 1020.    From the evidence it appears that Otto Logemann is not only the secretary and treasurer of the defendant company, but it also appears that he owns $6,000 par value of capital stock of the company, his wife owns $5,000 of such stock, and his father-in-law, Jacob Binzel, owns the remainder, $10,000; that the board of directors for many years has consisted of the three stockholders above named; that the father-in-law was president and the wife was vice-president; that neither of them has taken any active part in the management of the business; that no meeting of the board of directors had been held since 1912, and there had been no meeting of the stockholders since March 4, 1916, at which time a resolution was passed authorizing the secretary and treasurer to sign checks for any amount without their being countersigned by the president; and it appears that Otto was in effect and to all practical intents and purposes the corporation itself.    Under the doctrine of the cases above cited the corporation was clearly bound by his act in entering into the contract for the benefit of the corporation.

*By the Court.*—Judgment affirmed.