BOSANICH, Appellant, vs. CHICAGO, NORTH SHORE & MIL-
WAUKEE RAILROAD COMPANY, Respondent.

*January 11—February 8, 1921.*

*Master and servant: Personal injury: Corporations constituting one
legal entity: Evidence: Sufficiency.*

In an action by an employee for damages for personal injuries against one of two corporations on the theory that they constituted one legal entity, both being engaged in carrying on distinct businesses, each owning its own property, each receiving and disbursing its own revenues, and each engaging its own employees, *held*, under all the evidence, there was no ground shown upon which the plaintiff could be treated as an employee of the defendant.

APPEAL from a judgment of the circuit court for Milwaukee county: BYRON B. PARK, Judge. *Affirmed.*

This action was brought by the plaintiff against the defendant to recover damages for personal injuries sustained by him while engaged as a track repairer by the Chicago & Milwaukee Electric Railway Company in the city of Milwaukee. From a judgment in favor of the defendant the plaintiff appealed.

For the appellant there was a brief by *Ray J. Cannon* and *A. W. Richter,* both of Milwaukee, and oral argument by *Mr. Richter.*

For the respondent there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *Addison L. Gardner* of Chicago, of counsel; and the cause was argued orally by *Mr. Wood.*

OWEN, J.    This action was brought against the *Chicago, North Shore & Milwaukee Railroad Company* to recover damages for personal injuries, under the provisions of the federal employers' liability act (35 U. S. Stats. at Large, 65, ch. 149). The plaintiff was in the employ of the Chicago & Milwaukee Electric Railway Company as a track repairer and seeks to hold the defendant in this action on the ground that it and the Chicago & Milwaukee Electric Railway Company constitute one legal entity, and that the employees of the one are in fact the employees of the other.

It appears that the Chicago & Milwaukee Electric Railway Company was organized as a Wisconsin corporation in 1896, at about which time it obtained a franchise from the city of Milwaukee for the operation of street cars over certain streets therein. In 1908 its franchise was amended so as to permit it, its successors or assigns, to run interurban cars over its tracks. The defendant company is an Illinois corporation, and operates an interurban electric railroad from Chicago to Milwaukee and was organized in the year

1916. In the city of Milwaukee it operates its trains over the tracks of the Chicago & Milwaukee Electric Railway Company by arrangement with the latter company and pursuant to the authority granted by the ordinance of 1908, above mentioned. Each company has capital stock outstanding to the amount of $100,000. It is held by the same trustees, who have issued participating certificates against the stock of the *Railroad Company*. The entire capital stock of the Railway Company is pledged as additional security under the first mortgage of the *Chicago, North Shore & Milwaukee Railroad Company*. Both companies use the same offices and have substantially the same officers. However, the funds of each company are kept separate and intact. Each company collects its own revenues, deposits them to its separate account, and pays them out for its individual purposes. At no time is there a mingling of the moneys of the two companies. The tracks within the city of Milwaukee are owned by the Electric Railway Company, whose business is confined to that of a street railway business within the city of Milwaukee. It employs the men who repair the tracks therein and pays them out of its own funds. The plaintiff in this action was employed by the Electric Railway Company and was paid out of the funds of that company.

The jury found that plaintiff was an employee of the defendant, but this finding was set aside by the trial court, who, upon the record, determined that plaintiff was not an employee of the defendant. We think the trial court took the correct view, and that although there is a close operating agreement between the two companies, and perhaps at the present time an identity of the ownership of the stock of the two companies, they nevertheless constitute two legal entities, each having individual ownership of its respective property and each collecting and managing the revenues arising from their respective businesses.

No case has been cited to our attention which goes to the

extent of holding that under the circumstances here disclosed the plaintiff may be considered as the employee of the defendant. The case of *Wichita Falls & N. W. R. Co. v. Puckett,* 53 Okla. 463, 157 Pac. 112, strongly relied upon by the appellant, is clearly distinguishable. In that case two railway companies, incorporated under the laws of different states, whose tracks connected at the state line, operated a continuous line of railway thus formed as a unit, and treated earnings thereof as a common fund from which the employees and expenses of operation of the line were paid, although the earnings and expenses were arbitrarily credited and charged to each company in proportion to the mileage owned by it. In that case there was clearly a joint operation, and the entire line of both companies was considered as a single business. The employee of one company was also the employee of the other.

Nor is this situation comparable to a case where the owner manages his property through a corporate agency. Under such circumstances this court has refused to recognize the fiction of separate corporate existence and has treated the act of the owner as the act of the corporation, or *vice versa,* as in *Milbrath v. State,* 138 Wis. 354, 120 N. W. 252; *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 119 N. W. 568, 121 N. W. 124; *Wolf Co. v. Kutch,* 147 Wis. 209, 132 N. W. 981; *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 147 N. W. 3; *Fernekes v. Nugent Sanitarium,* 158 Wis. 671, 149 N. W. 393. Here we plainly perceive two corporate legal entities engaged in the carrying on of distinct businesses, each owning its own property, each receiving and disbursing its own revenues, and each engaging its own employees. We see no ground upon which the plaintiff can be treated as an employee of the defendant, consequently the judgment must be affirmed.

*By the Court.*—Judgment affirmed.