OTTO VOLL, Appellant, v. JOHN ZELCH et al., Appellees.

CORPORATIONS: Liabilities—Judgment Against Defunct Corporation —Lien. A judgment against a corporation becomes a lien upon its real estate from the time of the rendition and entry of the judgment, even though, *prior to such rendition*, the corporation had become dormant, and all its corporate shares of stock had passed into the ownership of one person, who had taken possession of the property and improved the same.

*Appeal from Allamakee District Court.*—W. J. SPRINGER, Judge.

DECEMBER 11, 1924.

ACTION for an injunction to restrain the enforcement of a certain judgment against lands owned and occupied by appellant. The facts appear in the opinion.—*Affirmed.*

*H. H. Stilwell* and *D. J. Murphy,* for appellant.

*W. S. Hart,* for appellees.

FAVILLE, J.—This cause has had a somewhat tedious and tortuous course. It appears from the record that, in 1893, the Waukon Excelsior Creamery Company was incorporated and authorized to do business. It owned certain real estate on which were located a creamery and certain personal property used in connection with the conduct of its business. In due course of time, the building burned, and the real estate was cleared off and the personal property disposed of. Sometime about the year 1896, the corporation ceased to do business; and in 1897 or 1898, one Williams became the owner by purchase of all of the shares of stock of said corporation. He thereupon entered upon the real estate that had been owned by said corporation, and erected a house thereon, and made other improvements, and moved upon said premises with his family in 1898, and continued to occupy the same thereafter. In 1902, he brought an action to quiet title to said premises, as we understand it, making as defendants the former stockholders in said creamery company. It also appears that, on or about the 4th of August, 1896, the Waukon Excelsior Creamery Company, through its proper officers, executed a note of $250 to the order of the Oak Leaf Creamery Company, payable February 4, 1897. This note was subsequently transferred to one Swartley, who brought suit thereon. Certain parties appeared in said action, and the cause finally reached this court, and was decided in 1907. *Swartley v. Oak Leaf Creamery Co.,* 135 Iowa 573. As we gather from the record, judgment in said action was finally entered in favor of Swartley and against the Waukon Excelsior Creamery Company.

Sometime in 1910, appellant herein purchased the land in question from Williams, who had acquired all of the shares of stock of the creamery company. The original judgment ob-

tained by Swartley against the creamery company passed, by assignment, to the appellee Zelch. An execution was issued on said judgment, and placed in the hands of Swebakken, sheriff of Allamakee County, for service; and this action was brought to enjoin the enforcement of the said judgment against the said described real estate. The plaintiff's petition in this action was dismissed on January 20, 1914. An appeal was taken in July of that year, and the abstract was filed in this court on December 23, 1914. The cause has been repeatedly continued by stipulation, and finally, upon order of the court, was stricken from the docket, and subsequently, upon a showing, a motion to reinstate the cause was sustained. The cause was finally submitted to this court on November 11, 1924.

Shakespeare puts into the mouth of Hamlet, in his famous soliloquy, a statement to the effect that "the law's delay" is one of the things that might well impel one to "his quietus make with a bare bodkin." It is a matter of common comment that the courts are to blame for prolonged litigation and for the delay that is sometimes incident to the determination of causes. A bare statement of the facts is sufficient to disclose that, in the instant case, this impeachment cannot be laid at the door of the courts.

The only question for determination in this case is whether or not the judgment upon the note of the creamery company is a lien upon the real estate which the creamery company owned. The mere fact that the shares of stock of the creamery company became merged in one owner did not destroy the identity of the company as a corporation. The original notice in the action on the note appears to have been served upon the proper officers of the creamery company, and the court had jurisdiction of said cause, and the judgment obtained was properly entered against the creamery company. The question for determination is whether one of the stockholders, by acquiring all of the stock and taking possession of the real estate belonging to the corporation and building a house thereon, would deprive a creditor of the corporation of his right to enforce his judgment against the corporate property. As we stated in the *Swartley* case, supra:

"Its property was in the possession of Williams, but, ac-

cording to all modern authorities, impressed with a trust in favor of the creditors of the corporation. *Muscatine Turn Verein v. Funck,* 18 Iowa 469; *Nevitt v. Bank of Port Gibson,* 6 S. & M. (Miss.) 513 (see Chancellor Kent's argument); *Hightower v: Thornton,* 8 Ga. 486 (52 Am. Dec. 412); *Pahquioque Bank v. Bethel Bank,* 36 Conn. 325 (4 Am. Rep. 80); *City Ins. Co. v. Commercial Bank,* 68 Ill. 348; 10 Cyc. 1320. Though the corporation had become dormant, its assets remained a trust fund for the payment of its debts, against which a lien for that purpose might be established.''

Appellant contends that the judgment originally obtained against the creamery company was void for the reason that service was made upon one who was not in fact president, no officers having been elected after Williams acquired the title to the shares of stock of the company. It does appear that there was an election held at about the time the corporation ceased doing business as such. We think, from the entire record, that the court had jurisdiction of the creamery company at the time the judgment in question was entered. No appeal has been taken from that judgment, and it stands as a verity. The company has never disposed of its property, and the change in the title thereto came about solely because all of the shares of stock of the corporation were acquired by Williams, who, in turn, deeded the property. We find nothing in the record that controverts the proposition that this property belonging to the corporation was subject to the payment of corporate debts, and that it was so liable at the time the execution upon said judgment was duly issued. Williams, by acquiring all of the corporate stock, could not become the individual owner of the corporate property to the prejudice of the rights of the corporation or its creditors. *Button v. Hoffman,* 61 Wis. 20 (20 N. W. 667).

The decree of the trial court, in dismissing appellant's petition and refusing to enjoin the levy of an execution under said judgment against the property in question, was correct. The word ''finis'' should now be written to this litigation.— *Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.