MILWAUKEE TOY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 12, 1930—February 10, 1931.*

494

For the appellants there was a brief by *McGovern, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *Wallace Reiss.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Harvey A. Malig* of Milwaukee, for the respondent Gertrude Bayer.

FOWLER, J. The appellants claim that under the rule of *Leigh Aitchison, Inc. v. Industrial Comm.* 188 Wis. 218, 205 N. W. 806, Bayer was not an employee of the corporation and therefore not under protection of the workmen's compensation act. The respondents claim that under the rule of *Zurich G. A. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630, and *Columbia Cas. Co. v. Industrial Comm.* 200 Wis. 8, 227 N. W. 292, he was such employee and under the act's protection.

It is of course fundamental that to entitle an injured person or the dependents of a deceased person to compensation under the terms of the compensation act the relation of employer and employee must exist. The injured or deceased person must be performing service for another under a contract of hire, express or implied. Sec. 102.07 (4), Stats. If the alleged employer is a corporation and the alleged employee has a controlling interest in it, the extent of his holdings and the manner in which he exerts his powers of control may be factors of some force in determining whether the alleged employee is in reality an employee of another. But standing alone this is of little consequence. The fundamental question is, Was such person performing service for another under a contract of hire?

A corporation is by legal fiction a person and of course is "another" under the terms of the workmen's compensation statute. By legal fiction the corporation is a separate entity and is treated as such under all ordinary circumstances. Circumstances occasionally arise where it appears that a person "is simply dealing with his own property through a corporate agency as absolutely as he might deal with it as an individual," as in *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 239, 119 N. W. 568, 121 N. W. 124. If in such

case applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim, the fiction is disregarded and the transaction is considered as one of the individual himself or of the corporation, whichever will prevent the inequitable result. *Haynes v. Kenosha E. R. Co., supra; Fernekes v. Nugent Sanitarium,* 158 Wis. 671, 149 N. W. 393; *Wolf Co. v. Kutch,* 147 Wis. 209, 132 N. W. 981; *Webb v. Mason,* 152 Wis. 19, 139 N. W. 442; *Koenig v. George Logemann & Sons Co.* 170 Wis. 619, 176 N. W. 58. Thus one cannot escape personal criminal liability through the corporate fiction. *Milbrath v. State,* 138 Wis. 354, 120 N. W. 252. But this court early took the position that although an individual owned all the stock of a corporation the corporation was a separate entity and the owner of property purchased prior to the individual's acquisition of the stock, and the individual could not maintain replevin of such property. *Button v. Hoffman,* 61 Wis. 20, 20 N. W. 667. Although one individual owns all the stock he does not thereby become the corporation. *Petersen v. Elholm,* 130 Wis. 1, 109 N. W. 76; *Oeland v. Woldenberg,* 185 Wis. 510, 513, 201 N. W. 807. The corporation is an entity, no matter how much of its stock an individual owns. *Lee v. Young,* 147 Wis. 53, 54, 132 N. W. 595. The power of the court to disregard the corporate fiction in some instances and fix liability for corporate acts on the owners as individuals does not warrant holding the owner of ninety-eight per cent. of the corporate stock personally liable on a note executed in the name of the corporation. *Lipman v. Manger,* 185 Wis. 63, 200 N. W. 663. From the above it appears that the fiction of corporate entity is not to be lightly regarded. It applies to contracts of employment, and employment by resolution of the board of directors is a recognized method of effecting such contracts. *Chicago & N. W. R.*

*Co. v. James*, 22 Wis. 194. The resolution of the board of directors appointing Bayer general manager, followed by his acting in that capacity, in our opinion created a contract of hire and brought him within the protection of the act.

The payment of dividends, the considerable part taken by the secretary of the company in the conduct of its affairs, that the secretary and Bayer's sister owned some considerable interest in the company, that at the time of the accident Bayer was performing service such as is commonly done by persons plainly within the act, and that Bayer gave his full time to the affairs of the company, and the number of its employees was so small that most of his time must have been consumed in the performance of work such as is ordinarily done by employees plainly within the act, lend support to this view. The mere fact that one is a principal officer of a corporation does not exclude him from classification as an employee. *Zurich Case, supra; Columbia Cas. Co. Case, supra.* The New York court of appeals says of an analogous situation in *Skouitchi v. Chic Cloak & Suit Co.* 230 N. Y. 296, 299, 130 N. E. 299:

"A corporation is a complete entity separate and distinguishable from its stockholders and officers, and if it sees fit to have one of the latter serve in the capacity of an ordinary employee we see nothing to prevent it from so doing. That seems to us to be the present case. The claimant was 'employed' as general manager. The term 'general manager' is somewhat ambiguous and of itself might indicate either an executive and important officer or a person performing ordinary duties of an employee."

The court held the manager an employee because his duties were such as are ordinarily performed by employees. As well may a general manager perform both such duties as he may perform either. That being general manager or principal officer does not exclude from the workmen's compensation acts is the general rule in America. 15 A. L. R.

1288. In 25 A. L. R. 377 is stated the reason for the exclusion when they are excluded:

"The court in *Millers' Mut. Cas. Co. v. Hoover* (Tex. Comm. App.), *supra* (235 S. W. 863), said: 'The underlying reason for excluding the officers and directors of a corporation as such from the provisions of the act is apparent. The officers and directors of a corporation do not come within the ordinarily accepted meaning of the terms 'workmen' and 'employees' for whose benefit the legislation is primarily enacted. Their duties toward the corporation and its business are those of managing and directing heads, and they do not, as a rule, perform the ordinary tasks, nor are they subjected to the ordinary risks, of employees or workmen engaged in the service of the corporation. Nor, as a general rule, is their compensation affected by their temporary disability caused by injury while engaged in their employment. On the other hand, where, although occupying an official position with the corporation, they are employed as workmen or employees in the ordinary sense of those terms, and come clearly within the provisions of the act, there would appear to be no substantial reason for excluding them from those benefits merely because they also hold official positions with the corporation; and the legislature should not be presumed to have intended so to exclude them, unless the language employed be clearly not susceptible of any other construction.'"

As to the *Aitchison Case, supra,* the conclusion reached was based largely on *Bowne v. S. W. Bowne Co.* 221 N. Y. 28, 116 N. E. 364, which held that under the terms of the New York workmen's compensation act executive officers of a corporation are not entitled to compensation. That case went upon the idea that the purpose of the New York act was to give compensation to "workmen" and defined an "employer" as one employing "workmen in hazardous employments." The idea inherent in the word "workman" is emphasized throughout the opinion and the conclusion is reached that the legislature of New York intended to distinguish between those engaged in manual labor and the

executive officers of a corporation. Under the terms of our act the question is not was the claimant injured while performing manual labor, but was he injured while rendering service for another under a contract of hire. The distinction is a wide one. The case went upon the view that the corporation was a mere shell, adopted by Mrs. Aitchison for her protection, through the form of which she carried on her own business; that the business was her own business, and her professed employment was of herself by herself. She was not performing service for another under a contract of hire. She had no employer. The relation of employer and employee did not exist. Under the facts of that case the conclusion appeals strongly to common sense, although it is perhaps not easy to reconcile with the legal concept of corporate entity. The facts of the case, in the opinion of the court, warranted disregard of that concept to prevent what the court considered an inequitable and unjust result.

*By the Court.*—The judgment is affirmed.