MINAHAN and wife, Respondents, vs. TIMM and others, Appellants.

*February 6—March 7, 1933.*

The cause was submitted for the appellants on the brief of *Strehlow & Cranston* of Green Bay, and for the respondents on that of *Minahan, McCormick & Thiele* of Green Bay.

ROSENBERRY, C. J.   It is urged here that the deed by which the interest under the land contract of 1925 was surrendered was void (1st) because not authorized by the stockholders; (2d) because it stripped the corporation of all its assets, in support of which it is argued that the stockholders are not estopped from questioning the validity of the deed and that the stockholders have not ratified the deed.   The second contention is that the contract of September 19, 1930, was obtained under duress and fraud and that the contract is unreasonable, unconscionable, and unenforceable; and third, that since the property may not be returned to the corporation loaded with the cost of the new building, the value of the equity should be determined and awarded to the defendants.

The trial court found that there was no evidence which would warrant a finding that the plaintiff had in any way overreached the defendants, made any false representations

or statements to them, or by any form of duress overcame the will of H. K. Timm, the principal actor in the transaction. This conclusion of the trial court is abundantly supported by the evidence. We have examined the record and we fail to find evidence which would raise any suspicion of fraudulent or oppressive conduct on the part of the plaintiff.

The principal question raised upon this appeal relates to the validity of the transactions between the parties, one of whom for a part of the time was a corporation. It appears almost without dispute that from the time he acquired the stock in the Orpheum Company, H. K. Timm dealt with the property as his own. The land contract entered into between the plaintiff and the company in 1925 was negotiated by Timm, and he apparently conducted the business, and carried on all of the negotiations relating to a refinancing of the project. He might at any time have assigned the contract entered into between him and the plaintiff to the defendant corporation. The whole matter was at all times and under all circumstances within his control. The holding of a meeting of the stockholders or of the directors would have merely recorded his will and his determination in regard to the affairs of the corporation. We have reviewed the cases cited to our attention. They have little if any application to the facts of this case. This court for many years has consistently held to the doctrine announced in *Milwaukee Toy Co. v. Industrial Comm.* 203 Wis. 493, 234 N. W. 748, where it was said:

"By legal fiction the corporation is a separate entity and is treated as such under all ordinary circumstances. Circumstances occasionally arise where it appears that a person 'is simply dealing with his own property through a corporate agency as absolutely as he might deal with it as an individual' (citing cases). If in such case applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim, the fiction is disregarded and the transaction is considered as

one of the individual himself or of the corporation, which-ever will prevent the inequitable result."

This doctrine has been applied in many cases, among others the case of *Koenig v. George Logemann & Sons Co.* 170 Wis. 619, 176 N. W. 58, where the secretary and treasurer of the company, who owned but $6,000 of the capital while his wife owned $5,000 and his father-in-law $10,000, executed a lease which was held valid. There is not a circumstance in the record which indicates that the control of H. K. Timm over the corporate affairs was not total, absolute, and unquestioned during the entire period of his ownership of its capital stock. Although efforts were made for many months to refinance the corporation and the transaction between the plaintiff and H. K. Timm must have been well known to any person taking any interest in the corporate affairs, for the reason that not only was the property retransferred but the original structure was torn down and wrecked preparatory to the building of a new theater, no one intervened or objected in any way. Under such circumstances it is very doubtful, had the control of H. K. Timm been far less absolute and unquestioned than it was, that the stockholders could stand by and permit the expenditure of $200,000 in improvements upon the property and then ask to have the value of the original equity returned to them by one who had furnished the money for the improvements. Certainly no such claim can be set up by the nominal stockholders in this case. There is nothing in the record which indicates that the defendants or any of them will ever be able to repay the advances made to them represented by the present land contract, the defaulted taxes, and insurance.

In the view which we take of the case, other questions raised need not be further considered.

*By the Court.*—Judgment affirmed.