MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Respondent, vs. HENRY, State Treasurer, and others, Appellants.

*June 25—July 2, 1934.*

For the appellants there was a brief by the *Attorney General, Joseph G. Hirschberg,* deputy attorney general, *Warren H. Resh,* assistant attorney general, and *T. Carroll Sizer* of Madison, and oral argument by *Mr. Resh* and *Mr. Sizer.*

For the respondent there was a brief by *Henry S. Mitchell, Geo. A. Kingsley,* and *James L. Hetland,* all of Minneapolis, Minnesota, and *Robert I. Hayes,* of Milwaukee, attorneys, and *W. A. Hayes* of Milwaukee of counsel, and oral argument by *Mr. Mitchell, Mr. W. A. Hayes,* and *Mr. Hetland.*

FOWLER, J.   While a multitude of facts appear from the pleadings herein and the attached exhibits, the statement preceding the opinion is considered to include the controlling facts.

The appellants contend that the assessment of the two properties as a single unit and the levy of the tax based upon the value of the combined properties as stated in the preceding statement of facts were strictly in accord with the Wisconsin statutes.   The respondent claims that these statutes require that the properties of the two companies be separately assessed, and that taxes be levied upon the basis of the separate assessments of each property.   The respondent contends further that if the statutes be not construed according to its claim, they conflict with the uniformity provision of the state constitution and the Fourteenth amendment to the constitution of the United States.

Statutes involved as to the meaning and effect of which there can be no. controversy provide that the tax commission shall make an annual assessment of the property of all railroad companies; that they shall levy and enter upon a tax roll a tax at the average rate of taxation throughout the. state; and that the tax so levied against railroad companies shall be payable to the state treasurer, one-half before June 15th, and one-half before October 15th. Secs. 76.01, 76.13 (1) and (2), 76.22 (1) and (2).

Sec. 76.07, expressly denominated the "Assessment" statute, provides: (1) That the tax commission shall determine the "full market value of the property of each [railroad] company within the state;" (2) that the value of the property of "each of said companies for assessment shall be made on the same basis," and that "the commission shall prepare an assessment roll and place thereon after the name of each of said companies assessed" a designated description.

Sec. 76.07 (3) provides that "when the full market value of the property of a company . . . shall have been ascertained and determined the amount thereof shall be entered upon the assessment roll opposite the name of the company."

Sec. 76.08 provides that "any such company interested shall have the right to appear and be heard as to the assessment of the property of such company."

Sec. 76.13 (1) provides that the commission shall compute and levy a tax upon the property of each company as assessed.

From the express provisions of the statutes above specifically stated, taken by themselves, it would seem clear that the scheme of taxation contemplated is that each railroad company shall be assessed upon its own property only, and that a tax shall be entered against it based upon the assessment of its own property.

The appellants contend that the plain purpose so indicated is made to appear otherwise by other sections of the statutes

relating to railroad taxation which we will next particularly consider.

Sec. 76.02 (2) states what "shall be deemed a railroad company," and declares that "any person, association, company or corporation, owning and operating . . . or operating a railroad" shall be so deemed. It is contended that from this language, because by it whoever operates a railroad is a railroad company within the contemplation of the statute, it necessarily follows that a company operating railroad lines separately owned is subject to taxation for the value of all the railway property operated the same as it would be if it actually owned all of that property. To warrant this conclusion we would first have to take the statute as declaring that a railroad company situated as is the Wisconsin Central Company is not a railroad company at all. By the same token if man is deemed to be an animal, animals other than man are not animals. We do not believe that any such absurdity was intended by the enactment of·the statute. The statute was intended merely to declare that whoever operates a railroad shall be.deemed to be a railroad company within the meaning of the taxation statutes, not that a railroad company cannot under any circumstances be deemed to be a railroad company within those statutes unless it operates its railroad through its own officers and servants directly under them and in its direct employ.

Sec. 76.03 (1) provides that the property of all sorts of "any [railroad] company" shall be deemed personal property and be valued and assessed together as a unit. We perceive nothing in this language as applied to the instant case to indicate anything more than that all property of the Wisconsin Central Company of whatever sort shall be valued and assessed as a unit, and that the property of the Soo Company shall be so valued and assessed.

Sec. 76.03 (2) provides that in case any of the property used in the business of any company defined in sec. 76.02 is

operated in connection with the property used in the same business or any other business described in sec. 76.02, it may be valued and assessed together with the other property in connection with which it is operated, if the tax commission considers that the related activities render separate assessment inadvisable. We are of opinion that this subsection does not support appellants' contention. Several kinds of business other than railroad business are "described" in sec. 76.02. The words "the same business" as used in the subsection mean one business, as where a company operates a gas service plant and an electric service plant, or a street railway and an electric service plant, as a single business. The Wisconsin Central property is not used in operating one business. It is used in operating two distinct businesses. The business of each company is kept entirely separate from that of the other. Each company has the avails of its own business. Nor is the Wisconsin Central property operated in connection with any business described in sec. 76.02 other than railroad business.

Sec. 76.03 (4) provides that every company operating or using a railroad "shall be the representative of every title and interest in the property so operated or used, . . . and notice to the operating . . . company . . . shall be notice to all interests in the property." This makes the operating company the representative of the other company so far as notice is concerned, but of itself does not imply anything further. The next provision of the subsection cannot be so summarily disposed of. "The assessment and taxation of the property of any company in the name of the operating or using company . . . shall be deemed and held an assessment and taxation of all the title and interest in such property of any kind or nature." This implies that under some circumstances the property of an owning company may be assessed and taxed to the operating company. However, it carries no implication that the property of the owning com-

pany and that of the operating company may be assessed together as a unit. The only implication is that the property of the owning company may be assessed against the operating company.

Sec. 76.02 (10) provides that the terms "property of a company" or "the company" or "any company." or "all companies" shall include all property of the companies used or employed in the operation of its business; and shall include "all title and interest of the company or companies" therein as "owner, lessee or otherwise;" and that, in case any portion of property is "jointly used by two or more companies," the unit assessment of the property of *each company* shall include and cover a proportionate share of that portion of the property jointly used so that the assessments of the property of all companies having an interest of any kind in the property jointly used shall in the aggregate include only one total full value of such property. We construe this subsection as covering only property jointly used by two or more companies. This subsection refers to joint use of property. Joint use implies that each company interested in the use shall by its own officers and servants use the same property in the operation of its road. Here we have no such use. The only use is by the operating company.

In our opinion, when one railroad company is operating the property of another for the benefit of both companies, the statutes discussed require a separate assessment of the property so operated, and do not authorize any other than a separate assessment of such property.

That the tax commission should have made a separate assessment of and levied a separate tax upon the property of the Wisconsin Central Company also appears from the fact that its property was in the hands of a receiver. It is the duty of a receiver to pay the taxes properly levied upon property in his hands, and to procure authority from the court to borrow funds with which to pay them if without funds to pay them otherwise. 53 C. J. p. 110, § 202. The commis-

sion knew that the property was in the hands of a receiver, and presumably knew it was the receiver's duty to pay the taxes levied upon such property. It should thus have made an assessment and levied a tax that would apprise the receiver of the amount that he should pay so that he could pay it.

To construe our statutes as requiring an assessment such as was made by the tax commission in the instant case would, we are convinced, bring them in conflict with the decision of the supreme court of the United States in *Hoeper v. Tax Comm.* 284 U. S. 206, 52 Sup. Ct. 120, 76 L. Ed. 248. It is there said:

"We have no doubt that, because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth amendment."

Because the tax commission in the *Hoeper Case* lumped together the income of a wife with that of her husband and taxed the whole as the income of the husband, the state law purporting to authorize such an assessment and tax was declared unconstitutional. By the same token to add together the value of property of the two companies here involved, and assess the combined value against one company and levy a tax against it thereon, would violate due process. As the decisions of the supreme court of the United States construing provisions of the United States constitution compel like construction by the state courts, the above quotation seems to us to demonstrate the invalidity of the tax here involved unless, as appellants contend, it can be justified on the ground that the Soo Company is in fact the owner of the Wisconsin Central Company and its property.

It is true as urged by the appellants that there have been cases in this and other courts in which the court has ignored or disregarded a corporate entity and held a person or an-

other corporation owning all or substantially all of the stock of a corporation responsible for transactions appearing on their face to be those of the corporation. This course has been taken in tax cases wherein the purpose or effect of the transactions involved was to avoid or create taxation. *Ford Hydro-Electric Co. v. Aurora*, 206 Wis. 489, 240 N. W. 418; *Miller v. Tax Comm.* 195 Wis. 219, 217 N. W. 568; *Palmolive Co. v. Conway*, 43 Fed. (2d) 226; *Buick Motor Co. v. Milwaukee*, 43 Fed. (2d) 385; *Commonwealth v. Southern R. Co.* 193 Ky. 474, 237 S. W. 11. Possibly a state of facts might exist wherein one corporation should be regarded as owning another and all its property because of ownership of its stock and control of its property and management of its affairs. But if so we cannot regard the facts disclosed by the pleadings herein as warranting a holding that the Soo Company is in fact the owner of the property of the Wisconsin Central Company and that the tax against it is justified upon that ground. In *Milwaukee Toy Co. v. Industrial Comm.* 203 Wis. 493, 496, 234 N. W. 748, the subject of disregarding the corporate entity is discussed, and cases are cited wherein it has and has not been disregarded. Further discussion of the subject here would serve no good purpose.

As in our view the assessment involved herein is invalid because violative of the Fourteenth amendment, there is no need to consider whether it violates the uniformity provision of the state constitution. As the assessment was invalid, the tax falls with the assessment, and the judgment vacating both is correct.

*By the Court.*—The judgment of the circuit court is affirmed.