LEGION CLUBHOUSE, INC., Appellant, vs. CITY OF MADISON and others, Respondents.

*January 10—February 15, 1946.*

For the appellant there were briefs by *Bull, Biart & Bieberstein* and *John F. Stumreiter,* attorneys, and *George E. Hass* of counsel, all of·Madison, and oral argument by *Mr. A. J. Bieberstein* and *Mr. Hass.*

*Harold E. Hanson,* city attorney, and *Alton S. Heassler,* assistant city attorney, of counsel, for the respondents.

A brief was filed by *Stanley A. Staidl* of Appleton, department judge advocate of the American Legion, as *amicus curiæ.*

ROSENBERRY, C. J.   The trial court gave this case very thorough and exhaustive consideration, prepared findings of fact in which the facts are set out with much detail, and wrote an exhaustive and helpful opinion.

The trial court stated the contentions of the parties as follows:

The plaintiff contends that to be entitled to exemption it is only necessary to prove (1) that the memorial hall and the premises on which the same is located is owned and occupied by the American Legion; (2) that such hall contains a permanent tablet of the names of enlisted men who died in the service of the World War; (3) that the American Legion carry on some memorial and patriotic activities therein,—that if these three essentials are established the premises are exempt; whatever use or other activities are carried on, they become immaterial, as there is no limitation as to the use of the property.   The only restriction or limitation of such use is prescribed by the legislature in the last sentence of subsec-

tion (28) [sec. 70.11, Stats.] which reads as follows: "The renting of such halls or buildings for public purposes shall not render them taxable, provided that all income derived therefrom be used for the upkeep and maintenance thereof."

The principal grounds upon which the property is claimed by the defendants not to be exempt are:

(1) That it is not owned and occupied by the American Legion or any council, post or department thereof, but by a separate corporate entity not within the contemplation of the statute; (2) that the building does not contain a permanent memorial tablet of all enlisted men who died in the World War within the meaning of the statute; (3) that a memorial hall must be determined by its use, not by its name or appearance, and that the dominant use of the building in question has been for commercial purposes and that it lost its character as a memorial hall and its exemption; (4) that if a memorial hall can be operated as a barroom, restaurant and dance hall in competition with other similar and legitimate business, wherein it makes a profit of $22,500 in twenty-five months, and still remain exempt from taxation, such statute is unconstitutional and in violation of article VIII of the Wisconsin constitution.

In the view that we take of this case, it is not necessary for us to set out any but those facts which disclose the question for decision. Inasmuch as this question is decisive of the case, it would be a work of supererogation for us to pass upon other matters inasmuch as the other question raised is not likely to be presented in another case upon a similar state of facts.

The court found that the plaintiff is a nonstock corporation organized under ch. 180, Stats., under date of June 3, 1942; that the plaintiff is authorized to take and hold real and personal property for the purposes of the corporation.

That the American Legion is a national organization composed of veterans of World War I and II, and was incorporated September 16, 1919, by special act of congress, with all the rights and privileges granted by such acts of congress; that the American Legion issued a charter to William B. Cairns Post No. 57 of the American Legion on the 12th day of

September, 1919; and that on February 3, 1933, said William B. Cairns Post No. 57 of the American Legion was incorporated under sec. 188.08 of the Wisconsin statutes; that the members of the plaintiff are the members of William B. Cairns Post No. 57 and the membership of the plaintiff and the Post being identical; that the plaintiff purchased from the owner certain real estate situated in the city of Madison and on October 2, 1944, received a deed thereto and gave back its promissory note and first mortgage for the balance of the purchase price in the sum of $9,500; that since the purchase of said real estate the plaintiff has been in possession of the said premises and, ever since taking possession, has operated a bar and dance hall, and on or about January 1, 1943, commenced the operation of a restaurant, all of which were open to the public. Matters connected with the operation of the bar, dance hall, and restaurant are fully set out in the findings of fact, which for the reasons stated we do not find it necessary to repeat here.

Upon the findings of fact the trial court concluded, among other things:

"(1) That the plaintiff corporation is not the American Legion or any branch or subdivision thereof, and that the building owned and operated by the plaintiff at 110 East Wilson street, as described above and as described in the complaint, is not now and never has been owned and occupied by the American Legion, as designated in section 70.11 (28) of the statutes;"—

and held that the property owned by the plaintiff corporation, both real and personal, is not now and was not for the years 1943 and 1944 exempt from taxation, and that plaintiff was not entitled to the relief prayed for in its complaint.

As the trial court in its opinion said:

"The questions presented are fraught with difficulties. Particularly in these war days the public and the courts will want to afford to veteran organizations every right and bene-

fit to which they are entitled under the law, but in our zeal to accomplish that spirit we cannot go beyond the law."

The material part of the statute under which the plaintiff claims the real and personal property in question is exempt is as follows:

Sec. 70.11 (28), Stats.: "All memorial halls and the real estate upon which the same are located, owned and occupied by . . . American Legion . . . containing permanent memorial tablets with the names of the enlisted men of any given town, city or county, who died in service during the Civil, Spanish-American War or World War inscribed thereon" is exempt from taxation.

Sec. 70.11 (16), Stats., which provides:

"The armory owned by any regiment, battalion or company of the Wisconsin National Guard and used for military purposes by such organization . . ."

is exempt from taxation, was construed by this court in the case of *Armory Realty Co. v. Olsen* (1933), 210 Wis. 281, 290, 246 N. W. 513. The court said:

"A fair construction of this language impels the conclusion that property asserted to be exempt thereunder must not only be owned by such organization (regiment, battalion, or company) but must be used for military purposes; that ownership in and of itself is not sufficient, and that use for military purposes in and of itself is not sufficient. In order that property may be held exempt under this section it is clear that it must be both *owned* by such regiment, battalion, or company and *used* for military purposes. From the undisputed facts it appears that the property in question was owned by the association, a corporation organized under the general corporation laws of this state, and that the members thereof, although including the active members of the military organization or organizations which used the land for military purposes, included numerous persons who were not members of the military organization. May it be said that the property was owned by a regiment, battalion, or company of the Wisconsin Na-

tional Guard so as to bring it within the exemption? We think not. It is generally held that 'taxation is the rule and exemption the exception.' . . . [Citing.] The word 'owned' as found and used in our exemption statutes is to be taken and understood to be used in its ordinary sense, calling for proprietorship of the title to the property, not a mere privilege or right to use it."

Plaintiff seeks to evade the effect of this decision by reason of some language used later in the opinion to the effect that a different result might have been reached if the question had been raised earlier in the history of the organization, on the ground that there is in this case an identity of membership in the two corporations. This contention is not supported by any authority cited or that we can find. That a corporation is an entity existing distinct and apart from its members or stockholders has long been the established law of this state.

In *Button v. Hoffman* (1884), 61 Wis. 20, 20 N. W. 667, it was held after full consideration that one who was the owner of all of the capital stock of a private corporation did not thereby become the legal owner of its property. While it is true that in some cases in order to prevent inequity, *Minahan v. Timm* (1933), 210 Wis. 689, 247 N. W. 321; *Fernekes v. Nugent Sanitarium* (1914), 158 Wis. 671, 149 N. W. 393, courts will not apply the corporate fiction, this in no way weakens or affects the general rule. *Milwaukee Toy Co. v. Industrial Comm.* (1931) 203 Wis. 493, 234 N. W. 748. See also *Lipman v. Manger* (1924), 185 Wis. 63, 200 N. W. 663, and cases cited; also 1 Fletcher, Cyc. Corp. (perm. ed.) p. 84, sec. 25.

A very ingenious argument is made on behalf of the plaintiff to the effect that the corporation identified as American Legion in sec. 70.11 (28), Stats., was not intended to be the corporation for which provision is made by sec. 188.08. The latter section, it is argued, was created by ch. 354, Laws of 1931, while sec. 70.11 (28) contained the description "American Legion" since 1923. We are unable to follow the argu-

ment. Sec. 70.11 (28) was in existence when ch. 354, Laws of 1931, was enacted. Ch. 354, Laws of 1931, was intended to provide for the incorporation under state law of the "American Legion" referred to in sec. 70.11 (28). Property owned by the American Legion prior to the enactment of ch. 354, Laws of 1931, was exempt from taxation if otherwise within the statute just as completely before as it was after the enactment of ch. 354, Laws of 1931. What the court is really asked to do in this case is to ignore the corporate entity of the plaintiff in order to give it the benefit of the exemption created by sec. 70.11 (28). We have found no case in which it has been held that a court may disregard corporate entity for the purpose of enabling the property owned by one corporation to have the benefit of an exemption provided by statute for a separate and distinct corporation.

The fact that the articles of incorporation of the plaintiff provide that in the event of its dissolution, the net assets shall pass to the William B. Cairns Post No. 57 of the American Legion, Madison, Wisconsin, Department of Wisconsin, does not alter the case. The plaintiff has not been dissolved. It may never be dissolved. The William B. Cairns Post No. 57 and the Legion Clubhouse, Inc., are entirely separate and distinct corporate entities, and the mere fact that they have identity of members does not operate to make either corporation the "owner" of the property of the other. The corporate existence is as separate and distinct as though there was no identity of membership. See 1 Thompson, Corporations, p. 14, sec. 9, and cases cited, 1 Fletcher, Cyc. Corp. (perm. ed.), sec. 25, and cases cited. Upon no theory can it be said that the plaintiff is the "American Legion," therefore its property is not within sub. (28) and so not exempt as the trial court correctly held.

*By the Court.*—Judgment affirmed.