HOWELL, CHARLES COOK, Jr., Associate Judge.
One Richard Calhoun, until February 1, 1973, had been receiving, under the administration of the Department of Health and Rehabilitative Services, Division of Family Services, State of Florida, an assistance payment grant of $109.00 per month through the Aid to the Disabled Program; $84.50 of which sum was allotted to and used by Richard to hire a housekeeper three days a week, from 9:30 o’clock A.M. to 4:00 o’clock P.M. But effective February 1, 1973, Mr. Calhoun’s grant was reduced to $25.00 monthly when the housekeeping service allowance was deleted because of the Department’s conclusions, both on the initial fact-finding and appellate levels, that Richard, “after a complete review and careful consideration of all the facts presented”, was not, “under present agency policies, eligible to have housekeeping service allowance included in (his) assistance budget as a special need inasmuch as (he is) not maintaining (his) own home.” [1]
In the effort to obtain a restoration of the $84.50 housekeeping allowance cut, Richard filed a petition for a writ of cer-tiorari [2] in this Court.
As humanitarians we wish we could agree with him.
As those committed to the doctrine of government by laws rather than men, however, we may not.
For we are permitted only to “ ‘merely examine . . . the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law’ and “it is well settled that the” hearing officer of the Department of Health and Rehabilitative Services was acting for the respondent Department as a “fact-finding body and that this Court will not substitute its judgment for that of the trier of fact.” Board of Regents v. Budjan, Fla.App. 1st, 1971, 242 *477 So.2d 163, 165, quoting in part from the writings of then Mr. Justice Thornal in De Groot v. Sheffield, Fla., 1957, 95 So.2d 912, 916. See, also, Department of Agriculture and Consumer Services, etc. v. Strickland et al., Fla.App. 1st, 1972, 262 So.2d 893, 894; Pauline, etc. v. Lee, Fla.App. 2nd, 1962, 147 So.2d 359, 363 [2-5]; and Cappadona v. Keith, Director, Division of Driver Licenses Department of Highway Safety, Fla.App. 4th, 1974, 290 So.2d 545, 547, n. 2.
Both the modification of this assistance payment grant and the decision of the hearing officer on the appeal[3] is supported by that “competent substantial evidence” required by Budjan, and is in “accord with the essential requirements of the law.”
Mr. Richard Calhoun was not “maintaining his ‘own’[4] home.” The home was his mother’s, Mrs. Emily Calhoun’s. It was her apartment in which he was living at 1027 Madison Street in Jacksonville. The apartment is rented in her name only. It has been ever thus for 17 years. Richard never married. He has always lived with his mother.
The case, then, must be
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.

. That particular sort of maintenance was required by the Assistance Payments Manual of the Division of Family Services, Sec. II, Chapter V, at page 27; from which we read:

“Special Needs.

“The cost of the following needs are to be included in the budget (of the individual recipient or beneficiary) under circumstances.
“AABD — Housekeeping Service — ‘When the individual is maintaining his own home’ and is too aged, ill, feeble or handicapped to carry on normal housekeeping activities on a daily basis such as cooking, cleaning and other housekeeping related duties, the cost of housekeeper service may be included if the following conditions are met: . . . ”

. Sec. 120.31(1), F.S.A., permissively says: “As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules.”

. The practice in situations of this character is pointed up by See. 409.285(1) (2), F.S.A.: “If ... an assistance payment is modified, . . . the recipient may appeal the decision to the division in the manner and form prescribed by the department. The division shall, upon receiving such appeal, give the . . . recipient reasonable notice and opportunity for a fair hearing.
“The hearing authority may be ... a hearing officer appointed for that purpose. The hearing authority is responsible for a final administrative decision in the name of the division on all issues that have been the subject of a hearing. "With regard to the division, the decision of the hearing authority is final and binding.”

. “The word ‘owned’, as found and used in” the Division of Family Services’ Assistance Payments Manual should, we think, “be taken and understood to be used in its ordinary sense, calling for proprietorship of the title to the property, not a mere privilege or right to use it”. Legion Clubhouse, Inc. v. City of Madison, et al., 1946, 248 Wis. 380, 21 N.W.2d 668, 671; speaking of one of Wisconsin’s real estate and personal property taxing exemption statutes.