## SALMON et al. v. FITTS et al.
### No. 7085.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1933.

Sam F. Hobbs, John W. Lapsley, and J. E. Wilkinson, Jr., all of Selma, Ala., Harry H. Smith, of Mobile, Ala., Wm. Hugh McEniry, of Bessemer, Ala., and W. R. Withers, of Greensboro, Ala., for appellants.

R. B. Evins, of Birmingham, Ala., Gessner T. McCorvey, of Mobile, Ala., and Tom B. Ward, of Tuscaloosa, Ala., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

J. A. Blunt was for many years a dominant figure in the life of Greensboro, Ala. President of the First National Bank, president and owner of the Planters' Bonded Warehouse Company, organizer and owner in whole or in part of other enterprises in the community, and general financial adviser to it, until he failed, for many years he bulked large in its affairs.

As men so situated are apt to do, he regarded the corporate form of his interests more or less lightly, and dealt with them free-

ly in disregard of it. Particularly was this the case with the Planters' Bonded Warehouse Company, which he organized in 1907, and which, when this suit was filed, was still in existence. Dealing with it and its property at times as though it were a real and going entity, he incurred debts in its name, pledged shares of stock in it as security for his own debts, without, however, making any note of the fact on the corporate books or records, executed mortgages in its name, and in its name conducted the business which it was chartered to do. At other times, treating its corporate existence as unreal, he leased its property in his name as sole owner, then caused it to deed all of its property to him, and later mortgaged it in his own name. At the same time he was borrowing money and giving notes in its name, and assigning to secure them lease notes given him for rent of this property which he had leased in his own name. This method of proceeding, attended with no difficulties while his affairs were prosperous, produced a situation of legal disorder and confusion which, after the bank had failed and he had become bankrupt, brought this suit about.

Filed by the trustee to recover for and appropriate to the claims of Blunt's general creditors the warehouse property, the bill named as parties all persons asserting claims either to the stock of the company or to the property itself. Claiming through Blunt as a stockholder in the corporation, planting himself firmly on the continuing corporate existence of the company, the trustee assailed as invalid and sought to cancel as clouds on the title of the company the deed to Blunt, the lease to Clements, and the mortgages to Fitts and Taylor executed by him. Making the receiver of the First National Bank a party, he sued to set aside the judgment which the bank had obtained against the warehouse company, and to cancel the lien of the judgment. Recognizing their claims as valid, but seeking to have all questions adjudicated in the one suit, he brought into the suit also four persons making claim to the stock; one claiming title to ten shares, and three others claiming liens on respectively ten, fifteen, and fifteen shares of the stock pledged by Blunt to secure his personal debts. Some of the defendants had already started suits in the state court. The further prosecution of these was enjoined. Their objections to the jurisdiction overruled, these parties filed answers and cross-actions, submitted their claims to the court, and make no point here against the jurisdiction.

In addition to the main contentions, there were two subordinate ones. The bank laid claim to certain fire damage insurance which had been paid to Fitts as mortgagee, and Fitts in turn laid claim to the unpaid rent notes coming due after his mortgage had matured and he had given notice to the lessee, while the trustee sought to recover the insurance money from Fitts for the estate.

The District Judge found valid against all claimants the lease and the mortgages made by Blunt, and the deed of the warehouse corporation to him. He found the judgment of the bank invalid, and that it had no lien. He found that Blunt was the sole owner of all the shares of stock, subject to the pledgees' interest in same, and awarding the pledged stock to the pledgees without putting them to the formality of a foreclosure, he declared that after the mortgages were satisfied, and subject to the lease, the trustee and the stock pledgees should own the property or its proceeds in proportion to the stock they owned. He found the demand of the trustee for the insurance money, and the cross-demands of the receiver and Fitts against each other unfounded, and leaving them where he found them left Fitts with the insurance money; the bank with the rent notes. Only three of the parties have appealed, the receiver from that part of the decree vacating the judgment and lien altogether, and refusing to avoid the Taylor and Fitts mortgages and to award the insurance money to the receiver; the trustee from that part of it denying cancellation of the deed, the lease, and the mortgages, and refusing to require Fitts to surrender the insurance money. In addition, though he had asked no relief on that score, he undertook to appeal from the order denying Fitts' claim to future rents. Taylor, whose mortgage security indemnifying him against contingent liability as surety on the bond of the bank the court had fixed as a lien subject only to Fitts' mortgage, and who had sought no relief in regard to future rents, undertook to appeal from the order denying Fitts' claim to them. Fitts did not appeal; neither did the claimants to stock interests.

■ The District Judge rejected the receiver's position that his judgment could not be collaterally attacked in this suit, and, concluding that the debt of the bank was really Blunt's debt and not that of the company, found that the judgment had been wrongfully obtained and set it aside. In this we think it plain the court erred. The judgment was that of a competent court, having jurisdiction.

of the defendant. It was entitled to receive full faith and credit. It stands.

█ The District Judge, in an opinion setting out the facts quite fully, grounded his judgment sustaining the lease and mortgages, and the transfer of the rent notes, upon the fact finding in which the record sustains him, that Blunt was the sole owner of the corporation, and upon the conclusion of law that the instruments executed to and by him were sufficient muniments at least as against subsequent incumbrancers, like the trustee, and the defendant pledgees holding stock, who had failed to give notice that they held the stock in pledge. We agree with him. We think both reason and authority support his view. First National Bank v. Winchester, 119 Ala. 168, 24 So. 351, 72 Am. St. Rep. 904; Button v. Hoffman, 61 Wis. 20, 20 N. W. 667, 50 Am. Rep. 131; Swift v. Smith, 65 Md. 428, 5 A. 534, 57 Am. Rep. 336; Shumpert v. Nat. State Bank (C. C. A.) 231 F. 82, 83; Scales v. Holje, 41 Cal. App. 733, 183 P. 308; Cotten v. Tyson, 121 Md. 597, 89 A. 113; In re V. & M. Lumber Co. (D. C.) 182 F. 231; Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L. R. A. 375. Finding the bank without either claim or lien, against the warehouse company, he made no finding as to the validity of the mortgage as against the claim of the bank. We find that the circumstances attending the creation and continuance of the indebtedness of the warehouse company to the bank, in connection with those attending the giving of the Fitts and Taylor mortgages, all of which were known not only to Blunt, but to Erwin, the cashier of the bank, are such as to show the bank guilty of laches, and to estop it from asserting against either Taylor or Fitts that by the transfer to Blunt of all of its property the warehouse company had passed it charged with a lien for the bank's debt, and this wholly aside from the question which the record seriously raises, and which the testimony certainly supports, that the transfer to Blunt was not voluntary but in satisfaction of some $30,000 due him, and that the bank really looked to Blunt for the payment of the warehouse notes.

 Of course ordinarily, that is, estoppel, laches, and bona fides aside, an irregular transfer of this kind, made by a corporation to its sole owner, on its face without consideration, would not be effective against its creditors. But this is not such a case. Here knowledge that Blunt was dealing with the property as his own was brought home to the Bank in every way. It took the transfer from Blunt of the lease notes given to him personally as rent for the property leased by him personally. It accepted Taylor as surety on a bond, knowing that he was looking for indemnity in part to the mortgage Blunt had given him on the property, while as to Fitts, though it knew that Fitts was taking up one mortgage and advancing additional money on a new one, it remained silent. As to the other matters urged below, the right to the insurance money and to future rents, while it would be sufficient to dispose of the first that neither the receiver nor the trustee is pressing claim for it here, it is clear, from the finding that Fitts' mortgage is valid, that the insurance paid on account of damage to his security was properly paid over to him.

As to future rents, since Fitts has not appealed from the judgment, and neither the trustee nor Taylor made any claim to them below, the question is not really before us for decision. We think, however, it is plain that whatever might be said of the ruling as between Fitts and the bank, Taylor is not entitled to them because his whose mortgage maturity is contingent on his as surety liability has not yet matured, while the trustee and subsequent incumbrancers can certainly maintain no claim for them against Blunt's assignee.

The decree is accordingly affirmed in so far as it affects the Fitts and Taylor mortgages and the lease, the insurance money, and the unpaid rent moneys, and the right of the trustee and the pledgees of stock as between themselves. It is reversed as to the judgment in favor of the trustee and the pledgees of stock as against the receiver. As to this, it is reformed sustaining the bank's judgment as valid, and establishing it subject, however, to the mortgages of Fitts and Taylor, and the lease as a lien against the warehouse property. As so reformed, the judgment is affirmed.