**In re SOUTHERN LAUNDRY, Inc.**

Bankr. No. 2327–M.

United States District Court
S. D. Florida, Miami Division.
Dec. 21, 1951.

E. P. Ellis and J. Mark Wilcox, Miami, Fla., for T. L. Elvins.

George J. Baya, Miami, Fla., for Lucy M. Seestedt.

Aaron M. Kanner, Miami, Fla., for Trustee.

HOLLAND, Chief Judge.

This cause comes on to be heard upon the Certificate of Review to review the order of Honorable L. Earl Curry, Referee in Bankruptcy, cancelling and voiding a mortgage.

Southern Laundry, Inc., on May 23, 1949, filed a petition under Chap. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition was approved by the court and L. M. Gerstel was appointed Trustee of the Debtor. On March 6, 1950, an adjudication of bankruptcy was entered and the proceeding was referred to the Referee. The said L. M. Gerstel was elected Trustee at the first meeting of creditors.

It appears from the record that an agreement was entered into on December 31, 1945, between T. L. Elvins and wife, E. W. Elvins, and H. F. Seestedt and wife, Lucy M. Seestedt, and Harold W. Kreis and Samuel Broder, whereby Elvins and wife and Seestedt and wife, owners of all of the capital stock in the corporation, agreed to sell said stock to Kreis and Broder for the sum of $150,000, $75,000 of which was to be paid in cash and the balance of $75,000 was to be paid in annual installments. To secure the deferred payments Kreis and Broder were to secure and assign to the sellers a first mortgage, in the principal amount of $75,000, on all of the assets of the corporation.

The sale of the stock was consummated on December 31, 1945, and January 2, 1946. On December 31, 1945, a purported meeting of stockholders and directors of the corporation was held by Kreis, Broder and their attorney, Sandler, and a mortgage on all of the assets of the corporation to Kreis and Broder was authorized. The consideration stated was a loan to the corporation by Kreis and Broder in the amount of $75,000.

The facts show that no such loan was made, but that subsequently at least $27,500 was borrowed by Kreis and Broder from third persons and this sum was paid in to the corporation. However, pursuant to the provisions of the agreement of De-

666

ccmber 31, 1945, property of the value of $50,000, which was in the individual names of Elvins and Seestedt and being used by the corporation in its business, was conveyed to the corporation. The corporation was enriched by money and property in the total value of at least $77,500.

The mortgage was executed and assignment was made in accordance with the agreement of December 31, 1945.

It furthers appears that the corporation had no creditors, or, if it did, all of them were immediately paid, at or immediately after the execution and assignment of the mortgage, and that present creditors of the bankrupt corporation became creditors subsequent thereto.

The sellers of the stock filed a petition for leave to foreclose the mortgage. The trustee filed a petition to set aside the mortgage and cancel the lien of the same. The Referee entered an order granting the petition to foreclose, but prior to foreclosure he entered a further order cancelling and declaring the mortgage void. The matter comes on for review in regard to this last order.

■ Subject to the rights of creditors a corporation may make a voluntary conveyance if its stockholders consent and if the act is not per se illegal. Although consent of stockholders might not, of itself, confer corporate power, the conveyance is good as between the corporation and the conveyce.

■ It is true in this case that Kreis and Broder were not stockholders at the time of the purported stockholders' and directors' meeting held on December 31, 1945, the agreement of sale of the stock not being fully consummated, but they did become the sole stockholders, took no action to void the transaction, and, by their subsequent actions, recognized the validity of the mortgage.

■ In this case only subsequent creditors are involved, and the rule of constructive fraud does not apply. Actual fraudulent intent on the part of the corporation or Kreis and Broder must be shown. Brent v. Simpson, 5 Cir., 238 F. 285; Salmon v. Fitts, 5 Cir., 67 F.2d 681; City of Ft. Worth Tex. v. National Bank of N. Y., 5 Cir., 261 F. 817; MacQueen v. Dollar Sav. Bank Co., 133 Ohio St. 579, 15 N.E.2d 529, 117 A.L.R. 1258.

■ If a corporation is solvent at the time, which this corporation was, and there was no actual intent to defraud creditors, its subsequent creditors cannot question a voluntary conveyance. Graham v. Railroad Co., 102 U.S. 148, 26 L.Ed. 106.

■ No actual fraud is claimed or shown in this case, and it is the opinion of the court that the mortgage is valid. Furthermore, the court is of the opinion that the transfer of property in the value of $50,000 to the corporation by Elvins and Seestedt, and the payment in to it of $27,500 in cash by Kreis and Broder was valid consideration for the mortgage.

Therefore, the court finds, upon a review of the proceedings before the Referee that his order of June 1, 1951, in which the mortgage was declared cancelled and void, was in error.

The court orders this cause referred back to the said Honorable L. Earl Curry, Referee in Bankruptcy, for further proceedings consistent with these findings.