WILLIAM H. ASHBY, PLAINTIFF IN ERROR, v. WASH-BURN & CO., DEFENDANTS IN ERROR.

1. Limitation of Actions: ACCOUNT. In an action on an account, in which a bar by the statute of limitations might be pleaded as a defense, the plaintiff alleged, in substance, that prior to the commencement of the suit the defendant executed to plaintiff a deed to certain real estate in another county, but that such deed, although absolute on its face, and containing no reference to the account, was only intended as a mortgage to

secure the debt. Upon the trial it was insisted that the execution of the deed or mortgage was an acknowledgment of the debt or liability in writing, and therefore if the statute of limitations had otherwise run against the action it was thereby taken out of the limitation. It was held that the execution of the deed, even if intended as a mortgage only, was not an acknowledgment in writing of an existing liability, debt, or claim, within the provisions of section 22 of the civil code, there being no reference made to the debt in the deed.

2.  ———: ———.   In such action, the items of the account had nearly all been furnished more than four years prior to the commencement· of the suit, the plaintiff's testimony was to the effect that the debt had been contracted under a special contract providing for the payments to be made for a part of the material within thirty days after it was furnished, the remainder when defendant's dwelling-house was completed, the demand for that which had been furnished on the thirty day's credit· was barred by the statute of limitations at the time of the commencement of the action. It was held that, if this testimony was correct, the district court erred in rendering judgment for the whole claim.

3.  ———: ———:   JUDGMENT.   In such case it was the duty of the court to apply all the payments made before the bar of the statute, to the liquidation of that part of the debt which was barred; and if any part of the plaintiff's claim was not barred, to·render judgment thereon for the amount due.

ERROR to the district court for Gage county.   Tried below before BROADY, J.

*Griggs & Rinaker*, for plaintiff in error, cited: Ang. on Lim., 148, 149, and cases cited. *Hayden v. Williams*, 7 Bing., 163.   Angel, 270, 274.   *Dickenson v. Hatfield*, 5 Carr & Payne, 46.   *Summer v. Summer*, 1 Metc., 394. *Chace v. Trafford*, 116 Mass., 529.

*A. H. Babcock*, for defendant in error, cited: *Frankoviz v. Ireland*, 26 N. W. R., 225.   *O'Leary v. Burns*, 53 Miss., 171.   *Schade v. Bessinger*, 3 Neb., 140.   *Deroin v. Jennings*, 4 Id., 97.   *Bacon v. Brown*, 19 Conn., 36. *Elder v. Dyer*, 26 Kan., 604.   *Deveraux v. Henry*, 16

Neb., 55. *Rolfe v. Pilloud*, Id., 23. *Grayson v. Taylor*, 14 Tex., 672. *Merrills v. Swift*, 18 Conn., 257. *Balch v. Onion*, 4 Cush., 559.

REESE, CH. J.

This was an action on an account for lumber and other material alleged to have been sold and delivered by defendant in error to plaintiff in error, and on which there was a balance due and unpaid amounting to the sum of $879.42. The original bill amounted to ·$1,629.77, but there were credits thereon which reduced it to the sum above named as the balance due, with interest. The last credit of payment was on the 8th day of January, 1880, and the last item of the charges—except two gallons of ' paint at $1.50 per gallon—was on the 15th day of April of the same year. This action was commenced on the 22d day of April, 1884. Therefore, if the item of paint above alluded to be excluded from the account, it appears by the petition that the whole demand was barred by the statute of limitations. Doubtless for the purpose of avoiding the bar of the statute, the following allegation was made in the petition.

"That on or about the 21st day of July, A.D. 1880, the said defendant acknowledged said account and the balance due thereon, and promised to pay plaintiffs the balance due on said account, within a reasonable time, and for the purpose of securing the payment of said sum due on said account, the said defendant, together with his wife, executed and delivered to the plaintiff, W. G. Washburn, and one of the members of said firm of Washburn & Co., a deed to the following described lands, situated in the county of Jefferson and state of Nebraska, *to-wit:* the north half of the north-east quarter of section number fifteen in township number two north, of range number two east of the 6th P. M., which said deed, although abso-

lute on its face, was, at the time of its execution and delivery, intended by the parties thereto only as a mortgage to secure said amount due on said account, together with the interest due or to become due thereon, and it has ever since been so considered, and is in fact a mortgage," etc.

By his answer, plaintiff in error admitted the purchase of the two gallons of paint, and his indebtedness therefor, but as to the remainder of the account he pleaded the statute of limitations. A trial was had to the district court, a jury being waived, and a finding and judgment were rendered in favor of defendant in error for the amount claimed in his petition. Defendant below alleges error, and brings the cause in this court for review by proceedings in error.

The first question to which our attention must be directed is, as to the effect of the execution of the deed or mortgage referred to in the petition. It is contended by defendant in error that the execution of this mortgage was such an acknowledgment of the indebtedness, and of the existing liability, as to take the case out of the statute of limitations, even if it had otherwise been barred, and that it was an acknowledgment of the whole debt; that the deed being intended only as a mortgage to secure the debt, it must be taken as an acknowledgment of it. Were this an action to foreclose the mortgage, without seeking a judgment for a deficiency, we think the argument presented upon the point would be conclusive, and that the mortgage might be foreclosed for the full amount intended to be secured by it, and in that case the plea of the statute of limitations would be unavailing to prevent the foreclosure. But that is not this case. The deed, or mortgage, contains no reference to this debt, either directly or indirectly. Upon its face it was a deed without covenants of warranty for the expressed consideration of $850. No relief is sought upon it in any form. It is simply presented as a written acknowledgment of the debt, within

the provisions of section 22 of the civil code. That section, so far as applicable to this case is as follows: "In any cause founded on contract, when  *   *   *   *   an acknowledgment of an existing liability, debt, or claim, *   *   *   *   shall have been made in writing, an action may be brought in such case within the period prescribed for the same after such   *   *   *   acknowledgment * * *." This section means just what it says and no more. The acknowledgment of the liability must be made *in writing*. The deed, of itself and upon its face, acknowledges nothing. There is no reference to any debt, and so far as appears "*in writing*," the consideration was a cash one paid by the grantee.

It is said by defendant in error that it was competent to show by parol that the deed was a mortgage. That the giving of a mortgage to secure a debt is an acknowledgment that the debt is due and unpaid, and that the delivering by a debtor to a creditor of collateral security as a conditional payment, in part, of a debt, will arrest the running of the statute. In support of these propositions a number of authorities are cited. To all this we fully agree. It is competent to prove by parol, in a proper case, that a deed is in fact only a mortgage; but when we undertake to prove the fact by verbal testimony, we are outside of the provisions of the section above quoted, and our evidence of the *fact* of the acknowledgment not being in writing it does not aid us. But if the mortgage by its own recitals refers to the debt, it is then within the section, and is an acknowledgment in writing. The giving of collateral security, as a provisional or conditional payment, would come within a part of the section omitted from our quotation, and cannot aid us in this inquiry. We do not think the cases cited by defendant in error can be of any service or give any light upon the question here presented, as the decision must be made wholly with reference to the section of the statute above referred to. It is quite clear

that, if collateral security is transferred to the creditor by the debtor, as in the case of *Sornborger v. Lee*, 14 Neb., 193, the proceeds of the collection to be applied upon the debt as payment, or, in fact, any other payment, by the order of the debtor, would take the case out of the statute, but that is not the question here. The only question to be examined is, was "an acknowledgment of an existing liability, debt, or claim,    *   *   *   *   made in writing." It is clear there was not.

It is contended by plaintiff in error that, as the item for paint is the only one upon the bill bearing date within the four years next preceding the commencement of the action, the whole of the remainder of the account is barred, and no recovery should have been had thereon; while upon the other hand it is insisted that this item, being within the four years, carries with it the whole account, and that no part thereof is barred.

As we view the case, this question is not presented by the record. The decision of the district court was in favor of the plaintiff below upon the whole account. We are unable to see how the judgment can be sustained, unless it was based alone upon the testimony of plaintiff in error, who testified, in substance, that the purchase was to be a cash transaction in the ordinary course of trade, and that no credit for any particular time was to be given. By adopting this testimony as the correct version of the case, it is quite probable that the question of the statutory bar, as now presented, would arise. But we must conclude that the district court based its finding upon the testimony as presented by defendants in error. If so, it is quite clear that they did not show themselves entitled to the judgment rendered. The principal witness for defendants in error was W. G. Washburn. He testified unequivocally that a part of the bill charged in the account was furnished to plaintiff in error under a special contract to deliver lumber on the cars in Beatrice, to be paid for

within thirty days after delivery. The remainder to be furnished at the lumber yard in Beatrice, at lumber yard prices, to be paid for on the completion of the dwelling-house of plaintiff in error, in the construction of which it was to be used. We here copy the following from his cross-examination.

Q. Was there anything said at the time of this first conversation you refer to, in September, as to when the money was to be paid or bill was due?

A. This conversation took place, that when the lumber we shipped direct from Chicago, you were to pay for it inside thirty days; that you got of the yard was to be paid when you got through building your house.

Q. Was there any agreement of that kind between you and myself?

A. Written agreement?

Q. Any kind?

A. A verbal agreement, yes.

Q. Was that matter talked over, that it was to be paid that way?

A. Yes.

Q. Then if I had never finished the house the bill would never have been due, would it?

A. That is out of the question, that kind of a question.

Q. That is what I want to find out.

A. We did not expect a man to take ninety-nine years to build a house.

Q. Is it not a fact that without any real specific statement in the nature of an agreement or contract that there was merely an understanding that it was to be a cash deal?

A. To be cash as far as lumber shipped from Chicago.

Q. Was there a different contract made as to the other?

A. The balance was to be paid when the building was finished.

It is shown that a part of the material sold to plaintiff in error for the construction of his house was delivered on the

.37

cars in Beatrice, and a part delivered from the lumber yard of defendant in error. The first item in the account is dated September 24, 1879, the last July 24, 1880. There is nothing in the account nor in the testimony showing what part was delivered from the railroad and what part from the lumber yard. If the material was in fact furnished under the two contracts, as stated by Mr. Washburn, it is apparent that that part which was delivered first (presumably from the cars) was delivered more than four years prior to the commencement of the action, and if the thirty days additional time granted did not save it, it would be barred, and no recovery could be had. But in such case in order to prevent a failure of justice, the court should apply the payments to the satisfaction of that part of the account. If they more than satisfy it, the residue should be applied to the satisfaction of the other account, so far as it would go. If it should then appear that four years did not elapse between the maturity of the demand under the contract for furnishing material from the lumber yard, and the commencement of the action, defendant in error would be entitled to judgment for the amount due, with interest, in case it should be shown that the contracts were made as testified by Mr. Washburn.

It follows that the judgment of the district court must be reversed, and the cause be remanded for further proceedings, which is done.

REVERSED AND REMANDED.

THE other judges concur.