## CLOUD *v.* CITY OF SUMAS.

*(Circuit Court, D. Washington, N. D.* September 7, 1892.)

FEDERAL COURTS—JURISDICTION—ACTION BY ASSIGNEE.
  The statutory rule that an assignee of a chose in action cannot sue thereon in the federal courts, unless a suit would have been cognizable therein if no assignment had been made, applies to an assignee, by indorsement, of a city warrant.

At Law. Action by J. A. Cloud against the city of Sumas on city warrants, of which plaintiff was assignee. Defendant demurred, on the ground that the United States court has no jurisdiction. Sustained.

*Smith & Littell,* for plaintiff.

*Chambers & Lambert,* for defendant.

HANFORD, District Judge. The complaint in this case alleges that the town of Sumas, a municipal corporation of this state, made and issued certain warrants payable to the order of a firm doing business in said town under the name of the "First Bank of Sumas;" that the said firm thereafter "duly sold, indorsed, and transferred said warrants to plaintiff," who is a citizen of the state of New York. There is no allegation as to the citizenship of the persons composing said firm; presumably, therefore, they are citizens of the state in which the firm was located. The first section of the statute defining the jurisdiction of United States circuit courts is in two parts. The first, in a long involved sentence, prescribes what is essential in a case to bring it within the jurisdiction of a circuit court of the United States; and the second part of the section is another long involved sentence, which specifies a variety of different circumstances which may create exceptions, and prevent jurisdiction from attaching. In this case there is a controversy between citizens of different states, and the amount involved exceeds the sum of $2,000; therefore it belongs to one of the classes of cases described in the first part of said section, and is within the jurisdiction of this court, unless it also belongs to one of the classes of excepted cases described in the second part of said section. The defendant has filed a demurrer denying the jurisdiction of the court, and claims that the case falls within the exceptions, because it is brought by an assignee upon a chose in action, and an action in this court could not be maintained upon it, if there had been no assignment. The plaintiff insists that the fact. of the warrant sued on having been made and issued by a corporation, saves the case from falling within the exception.

It is my opinion that, as the warrants are not made payable to bearer, and as the plaintiff alleges a transfer of the property in the same to him by written indorsement thereon, and not by mere delivery, only that portion of the clause which is applicable to suits by an assignee, upon a chose in action, not payable to bearer, need be considered. For the purposes of this case, the clause in question should be read thus:

"Nor shall any circuit or district court have cognizance of any suit except upon foreign bills of exchange, to recover the contents of any promissory

note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover the said contents, if no assignment * * * had been made."

By omitting all portions of the statute not applicable, we find the questions concerning instruments payable to bearer, actions by subsequent holders, and instruments made by corporations to be eliminated. This reading of the statute gives a rule which is clear and unambiguous; it fits the case under consideration, and excludes it from the jurisdiction of the United States circuit courts.

The demurrer is sustained, and the action will be dismissed, without prejudice to a new action in any other court.