### MOSES GUM v. JOHN H. RICHERT.

#### No. 539. (58 Pac. 236.)

1. LIMITATION OF ACTION—*Partnership Debt—Payments.* The facts in the record indicate that the defendant, recognizing his liability for the debt due to the plaintiff from the dissolved partnership of which he was a member and to which he succeeded, intended that the payments made by him to the plaintiff should be applied on the account generally, and that he did not expect or intend that any distinction should be made between what he owed as a member of the partnership and as an individual to the plaintiff for the work done and the money lent by the latter, and that, therefore, no part of the account sued upon was barred.

2. EVIDENCE—*Testimony of Wife.* It was not error to refuse to permit the wife of the defendant to testify, as from the statement made by his counsel it is evident she would not have been a proper party defendant, and under the statute she was incompetent.

Error from Sumner district court; J. A. BURNETTE, judge. Opinion filed September 16, 1899. Affirmed.

*C. E. Elliott,* and *C. J. Burnette,* for plaintiff in error.
*George & Schwinn,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was commenced on October 24, 1894, by John H. Richert against Moses Gum upon account for money loaned and work done. The

judgment of the court was for the plaintiff in the sum of $301.92. The defense was that part of the items embraced in plaintiff's claim constituted in fact a separate account against the firm of Gum & Voorhees, for whom the plaintiff performed labor as the engineer of a steam thrasher from some time in July, 1891, until October 5 (or 7) of that year, when the partnership was dissolved, the business being continued by the defendant, and the plaintiff remaining in his employ in the capacity stated.

The answer admitted that a mutual running account existed between the plaintiff and the defendant, the first item of which was for one day's work at harvesting on July 3, and the next for one day's work as engineer on October 5, 1891, and that from the last-named date almost continuously until the end of that year, and several times thereafter prior to April, 1892, the plaintiff performed labor for the defendant as an engineer. The answer averred that the account against the said firm was barred by the statute of limitations. It contained a set-off showing payments made and board and attendance in sickness furnished to the plaintiff. There is substantial agreement between the parties as to the several sums paid by the defendant to the plaintiff. The defendant's account shows payments of five dollars and ten dollars, respectively, in 1891, while the plaintiff's account shows such payments to have been made in the order stated on July 17 and September 28. The next cash payment was twenty-five dollars, made on October 21. The money loaned by the plaintiff to the defendant was mainly one item, ninety-five dollars, which was loaned to Gum & Voorhees on July 24. October 5 (or 7) Voorhees sold out his interest in the thrashing-machine and engine to the defendant, or to the

defendant's wife, the sale being precipitated by a disagreement between Voorhees and the plaintiff. The defendant on the day of such transfer engaged plaintiff to continue his work as engineer.

At the time of the dissolution of the partnership, it was agreed between Gum and Voorhees that the latter should be relieved of his liability for the firm debts. It was admitted by the defendant's counsel in his statement to the jury that from and after October 7, 1892, Richert dealt with the defendant individually; and there is nothing in the record to show that Richert knew Mrs. Gum had or claimed any interest in the thrashing outfit. Testifying on the trial, the defendant admitted that the plaintiff requested a settlement of the account, and that he, the defendant, expressed his willingness to settle at a given time and place but that the plaintiff did not appear for that purpose; while the plaintiff testified on the same point that the defendant said he would settle as soon as he made certain collections which he was then starting out to make, and that they did not agree as to the place of meeting for the purpose of such settlement. The defendant also admitted that he had not thought of the statute of limitations until a short time before the suit was brought, and that until advised differently by his counsel he had expected to set-off against the plaintiff's account a claim for damage arising from the plaintiff's breach of a contract to run the engine during the thrashing season of 1892, and that he expected to insist upon such claim when he and the defendant should meet for settlement of their accounts.

The foregoing facts indicate that the defendant, recognizing his liability for the debt due from Gum & Voorhees to the plaintiff, intended that the payments made by him should be applied on the account gen-

Gum v. Richert.

erally, and that he did not expect or intend that any distinction should be made between what he owed as a member of the firm and what he owed as an individual for the work done and the money lent by the plaintiff. The evidence seems to have warranted the trial court in adopting the theory and in instructing the jury as if the account sued upon by the plaintiff were one entire account. In this view, it was not error to refuse to instruct the jury as requested by the defendant, to the effect that any transaction between the plaintiff and Gum & Voorhees could not be considered.

It was not error to refuse to permit the wife of the defendant to testify. From the statement made by the defendant's counsel it is evident she was not a proper party defendant, and under the statute she was clearly incompetent as a witness.

We discover no merit in the defendant's claim that the account against the firm of Gum & Voorhees was barred by the statute of limitations. The trial court might have applied all the payments made upon the firm account. This would have left an uncollectable balance of that account. The plaintiff's recovery would then have been limited to the amount due upon the strictly individual account of the defendant. This result would have followed had it been necessary to proceed according to the rules governing the application of payments where neither debtor nor creditor had determined such application. Upon the proposition just stated, see the following cases : *Ashby v. Washburn*, 23 Neb. 571, 37 N. W. 267, and note ; *Pardee v. Markle*, 111 Pa. St. 548, 5 Atl. 36, and note ; *Leeds v. Gifford*, 41 N. J. Eq. 464, 5 Atl. 795.

The judgment of the district court will be affirmed.