# PRUDENTIAL INSURANCE COMPANY OF AMERICA v. A. ENKEMA HOLDING COMPANY.[1]

January 10, 1936.

No. 30,695.

[1]Reported in 264 N. W. 576.

 

*O. O. Myhre* and *L. M. Severson*, for appellant.

*L. W. Crawhall* and *Horace Van Valkenburg*, for respondent.

LORING, JUSTICE.

In 1923 A. Enkema was the owner of a 400-acre farm in Chippewa county which in that year he mortgaged to plaintiff to secure the payment of $18,000. Later he acquired this defendant corporation, whose name he changed to the A. Enkema Holding Company. He owned substantially all of the stock in the holding company except the qualifying shares of the other two directors. He was president, his stenographer was secretary, and his wife, apparently, was the third director. The mortgage on the Chippewa county farm was made in February, 1923, and in December of that year he conveyed the farm to the holding company. Nevertheless he continued individually to make the lease with his tenant as if he were individually the owner of the land. In November, 1930, plaintiff threatened foreclosure on account of delinquency of interest and taxes, and to persuade it to refrain from such foreclosure until December 1, 1931, Enkema offered to and did make a general assignment of the lease and farm income for the year 1931 to the Towle Mortgage Company, plaintiff's agent, as security for past due interest and that due plaintiff in 1931, executing the same in his individual capacity. In furtherance of this arrangement he promised to secure a new lease with his tenant which should be in form assigned to the plaintiff. Instead of so doing, he had the defendant corporation make such a lease and did not have it assigned to plaintiff. At this time neither the plaintiff nor the Towle Mortgage Company, which was acting for it, had any knowledge that the title to the land was in the defendant corporation, although on one occasion the taxes were paid in the name of that company and the tax receipt was submitted to the Towle Mortgage Company. The rent on the farm for

the year 1931 was to be $1,800, represented by three promissory notes made by the tenant to the holding company. The two notes that were first due were, with the consent of the plaintiff, compromised at $1,000, which, together with the note last due, was deposited in the Marquette Trust Company of Minneapolis, pending judicial determination of its ownership. The stipulation is set out in the margin.[2]

Early in 1932, the mortgagor being still in default, the plaintiff foreclosed the mortgage by advertisement, and sheriff's certificate issued June 11, 1932, to the plaintiff, it having bid the property in, leaving a deficiency of $1,700. This suit was brought to subject the money and note in the Marquette Trust Company's hands to the

---

[2]"Minneapolis, Minnesota.
"December 19, 1931.

"Whereas, a dispute has arisen between A. Enkema Holding Co., a corporation, and Prudential Insurance Company of America, as to the ownership of certain rentals accruing upon the farm rented by one Fred Teichert in Chippewa County, Minnesota, and

"Whereas, said Prudential Insurance Company is about to commence an action in the District Court of Hennepin County, Minnesota, to determine the legal ownership of said rentals, and

"Whereas, of said rentals the sum of $1,000 has been paid to the undersigned as trustees pending the outcome of said action,

"Now therefore, It is agreed between the undersigned as such trustees that said sum be deposited in a checking account in Marquette Trust Company, of Minneapolis, Minnesota, under the account name of 'Horace Van Valkenburg and H. C. Rowberg, as trustees' and that said Trust Company be not authorized to pay over any of said moneys to any person except upon the joint written order of both parties as trustee, and

"It is further agreed that both of the undersigned agree to abide the final decision and judgment in the above contemplated action, and both of the undersigned agree to pay the above sum and execute check or order to that effect to the winner of said action, and that in case of death or subsequent refusal of either of the undersigned to act in accordance herewith, said Marquette Trust Company shall be authorized to pay over said money or any additional moneys hereinafter to be deposited, upon the filing with it a certified copy of such final judgment.

"(Signed) H. C. Rowberg
"(Signed) H. Van Valkenburg"

payment of this deficiency. The court dismissed the suit, and the case comes here upon appeal from an order denying the plaintiff's motion for a new trial.

■ The most serious question raised by the defendant is in regard to the application of the amount bid at the sale to the payment of the debt secured by the assignment of the rents. The defendant contends that the rule in regard to casting interest should apply and that the amount bid should first be applied in payment of interest and then upon the principal. This rule would satisfy the interest indebtedness, to secure which the assignment was made, and leave the plaintiff without remedy upon the assignment. We think this contention is not sound. The rule which the defendant attempts to invoke is one for casting interest and not for the application of partial involuntary payments where part of the debt has single security and part of it is doubly secured. The rule as to voluntary payments does not apply to payment forced by a mortgage foreclosure, and such payment will be applied according to equitable principles. If a part of the debt secured by the mortgage is protected by other security, the net proceeds of the foreclosure sale will be applied upon that part of the debt for which the creditor holds no other security. Tolerton & Stetson Co. v. Roberts, 115 Iowa, 474, 476, 477, 88 N. W. 966, 91 A. S. R. 171; Lash v. Edgerton, 13 Minn. 197-204 (210); Cloud v. City of Sumas (C. C.) 52 F. 177, 183; Mathews v. Switzler, 46 Mo. 301, 303; Hanson & Myer v. Manley, 72 Iowa, 48, 50, 33 N. W. 357; Livermore Falls T. & B. Co. v. Richmond Mfg. Co. 108 Me. 206, 212, 79 A. 844; Union Trust Co. v. Detroit Motor Co. 117 Mich. 631, 635, 76 N. W. 112; Jones, Collateral Securities (3 ed.) § 548a.

■ The defendant contends that inasmuch as the corporation held the legal title to the premises and that the lease ran from it to the tenant, the assignment executed by Enkema individually was of no effect. In a case like this, where Enkema owned substantially all of the stock in the corporation and it was a mere agency to carry out his will, we follow the doctrine laid down by the supreme court of Wisconsin in Milwaukee Toy Co. v. Industrial

Comm. 203 Wis. 493, 234 N. W. 748, 749, as approved by Minahan v. Timm, 210 Wis. 689, 693, 247 N. W. 321, 322, where the court said:

" 'By legal fiction the corporation is a separate entity and is treated as such under all ordinary circumstances. Circumstances occasionally arise where it appears that a person "is simply dealing with his own property through a corporate agency as absolutely as he might deal with it as an individual." * * * If in such case applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim, the fiction is disregarded and the transaction is considered as one of the individual himself or of the corporation, whichever will prevent the inequitable result.' "

We are of the opinion that the corporation was bound by the assignment made by Enkema.

■ Defendant contends that the Towle Mortgage Company was the proper party plaintiff and should have brought the action upon the assignment, but that instrument shows upon its face that plaintiff is the real party in interest.

■ It is also contended that there should be foreclosure of the security and that an action at law cannot be maintained on the assignment. Here was no pledge of personal property but a transfer of rents which in due course took the form of notes, which, like other commercial paper, could be collected if in plaintiff's possession, and applied on its debt subject to an accounting to defendant for any surplus collected. True, in this case the proceeds of two of the notes were, together with the third note, deposited subject to the joint order of attorneys for the respective parties; but as between the parties hereto it was stipulated that the judgment herein should be final and binding upon the signers of the stipulation as the real custodians of the collateral. In effect the parties to the stipulation bound themselves by the result hereof and the judicial determination of the ownership of the collateral. The defendant is not then in a better position than it would be as an intervener in a suit directly upon the collateral. As between it and this plaintiff, its only right is in an appropriate proceeding to collect the surplus, if any, which plaintiff may ultimately recover over and

above its just debt. There is no contention here that there is or will be any such surplus.

Reversed and remanded with directions to enter judgment that plaintiff is the owner of the money and note for application and collection.

DEVANEY, CHIEF JUSTICE, and I. M. OLSEN, JUSTICE, took no part in the consideration or·decision of this case.