MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
v. BENJAMIN A. PAUST AND ANOTHER.[1]

February 13, 1942.

Nos. 32,925, 32,947.

---

[1]Reported in 2 N. W. (2d) 410.

*Jesse Van Valkenburg, H. Van. Valkenburg,* and *Warren E. Blaisdell,* for plaintiff-appellant.

*Herbert T. Park,* for defendant-appellant.

PETERSON, JUSTICE.

This action was commenced on or about January 17, 1940, to recover a deficiency judgment upon notes secured by a real estate mortgage after exhaustion of the security by foreclosure. The defense is the statute of limitations. The action having been dismissed as to the defendant Jess W. Paust and no point having been raised with respect to such dismissal, we shall refer to Benjamin A. Paust as the defendant.

On August 3, 1925, plaintiff loaned to defendant the sum of $110,000, for which defendant executed and delivered to plaintiff eight promissory notes aggregating said amount, bearing interest at six per cent per annum. Seven of the notes were for $4,000 each payable on August 1, annually, from 1928 to 1934, inclusive, and one was for $82,000, payable on August 1, 1935.

The notes were secured by a real estate mortgage in which defendant's wife, Jess W. Paust, joined.

In November 1925, defendant conveyed the real property to the Marquette National Fire Insurance Company. He never made, nor did he authorize or direct anyone to make, any payment on the notes. A payment of $5,000 was made thereon after defendant conveyed the property, but not by his direction or authorization.

The mortgage was foreclosed by action in the federal court. The decree of foreclosure, filed March 28, 1938, adjudged that there was due for principal, interest, insurance premiums, interest thereon, and costs the sum of $114,904.84. On May 17, 1938, the property was sold under the decree at public sale to plaintiff for $107,800. The report of the sale showed that $117,647.17 was due upon the mortgage indebtedness at the date of the sale and that the mortgage property was sold to plaintiff for the said sum of $107,800. The court confirmed the sale. The deficiency at the

date of the sale was $9,847.17. There has been no redemption from the foreclosure.

The foreclosure of the mortgage was within 15 years after the first note matured. The $5,000 payment was applied on the notes that came due first and operated to pay in full the $4,000 note due August 1, 1928, and part of the $4,000 note due August 1, 1929. This action was commenced more than six years after maturity of the note due August 1, 1933, and all the notes payable on prior dates, but within six years of the maturity of the $4,000 note payable August 1, 1934, and the $82,000 note payable August 1, 1935.

This case has proceeded upon the assumptions that the mortgagor's liability on the note for a deficiency after foreclosure of the mortgage is not of an equitable, but of a legal, nature; that, although foreclosure was in the federal court, the present action to recover the deficiency on the foreclosure may be brought in the state court; that the present action is barred by the statute of limitations, Mason St. 1927, § 9191(1), unless it was commenced within six years after the maturity of the last unpaid note; that the proceeds of the mortgage foreclosure sale are a *pro tanto* involuntary payment of the mortgage notes; that whether or not notes equal to the amount of the deficiency are not barred depends on whether the proceeds of the mortgage foreclosure sale are applied by the court to the notes last or first coming due; and that the application thereof may be determined in this action.

Defendant contends that the proceeds of the foreclosure should be applied to the notes in the inverse order in which they came due to discharge all the notes which were not barred by the statute of limitations and that the claimed deficiency represented notes which came due more than six years prior to the commencement of this action and were barred under Mason St. 1927, § 9191(1). Plaintiff contends that the proceeds of the foreclosure sale should be applied on the notes in the order in which they came due, with the result that more than the amount of the deficiency came due within six years immediately preceding the commencement of this action.

The court below first held in accordance with plaintiff's conten-

tion and ordered judgment in its favor for the full amount of the deficiency with interest and costs. It subsequently modified its decision by ordering the proceeds of the foreclosure sale to be applied *pro rata* to all the notes regardless of when they became payable, and ordered judgment for plaintiff for a deficiency of $8,-085.30 instead of $9,847.17. Both plaintiff and defendant appeal.

The question for decision is whether the proceeds of the mortgage foreclosure sale shall be applied to the notes according to the order of their maturity, the inverse order thereof, or *pro rata*.

If the proceeds of the foreclosure sale are applied to the notes last due, the present action is barred; otherwise not. It is to be remembered that an action to recover a deficiency after foreclosure is one to enforce the personal liability of the mortgagor for the debt. Where the debt is barred, an action against the mortgagor to recover a deficiency cannot be maintained. Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237.

The parties have not made any provision for the application of payments, either voluntary or involuntary. The foreclosure decree has left that matter open. Where the parties have not provided for the application of payments, the court will make the application according to principles of equity and justice. Hersey v. Bennett, 28 Minn. 86, 89, 9 N. W. 590, 41 Am. R. 271. Absent a provision in the note or mortgage for the application thereof, the proceeds of a foreclosure sale are treated as an involuntary payment subject to application by the court according to the principles of equity and justice. Prudential Ins. Co. v. A. Enkema Holding Co. 196 Minn. 154, 264 N. W. 576; Blumberg v. Birch, 99 Cal. 416, 34 P. 102, 37 A. S. R. 67; Campbell v. Vedder, *42 N. Y. 174, 1 Abb. Dec. (N. Y.) 295, 3 Keyes, 174.

It is just and equitable that the whole debt evidenced by the notes should be paid. Field v. Holland, 6 Cranch (U. S.) 8, 28, 3 L. ed. 136 (*per* Marshall, C. J.). The proceeds of the mortgage foreclosure sale were received by the mortgagee before the right to foreclose was barred (a foreclosure by action is barred under Mason St. 1927, § 9188, unless it is commenced within 15 years

from the maturity of the whole debt secured by the mortgage) and remained unapplied until the order below in this action. Where a voluntary payment was made before the statute of limitations had run but was not applied by the parties, and subsequently the statute of limitations had run against part of the debt, the rule is that the payments shall be applied by the court according to the principles of equity and justice and that, absent superior equities compelling a different application, justice and equity require the application to be made first to the part of the debt which is barred and then to the balance. Robinson's Admr's v. Allison, 36 Ala. 525; Ashby v. Washburn & Co. 23 Neb. 571, 37 N. W. 267. Likewise, where payments on a contract for deed are made before the statute of limitations has run but are not applied by the parties, it is just and equitable to apply the payments first to the installments which are barred. Boynton v. Salinger, 147 Iowa, 537, 126 N. W. 369; Mitchell v. Schimming & Eddins (Tex. Civ. App.) 52 S. W. (2d) 1080. Such an application is quite in accord with the rule that payments will be applied to the items first falling due. Hersey v. Bennett, 28 Minn. 86, 9 N. W. 590, 41 Am. R. 271, *supra.*

Plaintiff had the right under Mason St. 1927, § 9610, to foreclose the mortgage when any one of the notes came due and to apply the purchase price, first to the note or the notes, as the case might be, then due, and the balance to those subsequently maturing in the order thereof. We held in Wilson v. Eigenbrodt, 30 Minn. 4, 7, 13 N. W. 907, 908, that as between the parties to the mortgage the statute is but declaratory of the equity rule and "settles the order of the application of the proceeds of the sale." In the cited case there were two notes. The mortgage was foreclosed after the first and before the second note fell due. But the rule there announced is as applicable where all the notes are due as where only part thereof are due.

The mortgagor is entitled first to exhaust his security under the mortgage and then to resort to personal liability of the mortgagor, if any, to compel payment of the mortgage debt. An appli-

cation of the proceeds of the sale which insures the full exercise of such rights is according to the equity and justice of the case. Lansing v. Goelet, 9 Cowen (N. Y.) 346. See pp. 352-357 for a discussion of the principle here involved, by Chancellor Jones of the lower court.

Where, as here, all the mortgage notes are owned by one person, payments, either voluntary or involuntary, should not be applied pro rata. Burnside v. Craig, 140 Minn. 404, 168 N. W. 175.

The same principles which governed the application of voluntary payments by the court in the cited cases for lack of application thereof by the parties apply here. Absent an application by the parties, a payment, either voluntary or involuntary, should be applied by the court according to principles of equity and justice. Where the payment is made before the statute of limitations has run, it should be applied to the oldest debts to save those last maturing from being barred. The proceeds of the mortgage foreclosure sale, having been received before the right to foreclose was barred, should be applied first to the oldest notes. The effect of such an application is to save the notes last maturing from being barred. That result accords with the purpose of giving the mortgagee both the notes for personal liability and the mortgage for security with the right to resort to and exhaust them in the manner best suited to realize the money loaned.

The first order below that plaintiff is entitled to recover the full amount of the deficiency was correct, and the second one, applying the pro rata rule, was erroneous. Plaintiff is entitled to a reversal with directions to enter judgment in its favor for the full amount of the deficiency. Defendant is entitled to no relief on the appeal.

Affirmed on defendant's appeal.

Reversed on plaintiff's appeal with directions to enter judgment in accordance with the opinion.