# CENTRAL MOTORS & SUPPLY COMPANY, INC. v. ROSCO S. BROWN, ETC.[1]

April 6, 1945.

No. 33,966.

*Henry C. Stiening,* for appellant.
*James A. Garrity* and *Wheeler & Burns,* for respondent.

JULIUS J. OLSON, JUSTICE.

Action in conversion to recover the value of seven automobiles claimed to have been wrongfully taken and sold by defendant as

[1]Reported in 18 N. W. (2d) 236.

sheriff under an execution issued upon a personal judgment theretofore recovered by Duluth Plumbing Supplies Company against one W. L. Isensee. After both parties rested, the court was of the view that there was only one issue to go to the jury, i. e., whether plaintiff or Isensee, the judgment debtor, was in fact the owner of the automobiles at the time of the levy. The court's instructions on this phase read:

"The burden is upon the plaintiff * * * to prove by a fair preponderance of the evidence that at the time the sheriff levied upon and sold the automobiles it was in truth and in fact the owner of the automobiles, and this it must do by a fair preponderance of the evidence.

* * * * *

"The plaintiff has introduced in evidence certain automobile license certificates purporting to be issued to it in its name for the seven automobiles in question. These constitute what is called prima facie proof of ownership. Prima facie proof means that from the fact thus shown and without any other facts appearing, the jury have the right to find in its discretion, but are not compelled to find that the holder of such certificate was in fact the owner of the automobile described in the certificate at the time the certificate was issued.

"Upon the reception in evidence of said automobile license certificates, the duty of going on with the evidence passed to the defendant Brown to prove that Isensee was in truth and in fact the owner of the automobiles and that he carried them in the name of Central Motors & Supply Company, Inc., as his agent to keep them thus covered up from his creditors.

"If you find for the defendant upon the question of ownership, that would end the case right there and you would render a verdict for the defendant Brown. If you find for plaintiff upon the question of ownership, you would then have to determine what the value of the automobiles was on the day they were levied upon in January, the reasonable value."

The charge was not challenged below, nor is it here. There was a verdict for defendant. Plaintiff's motion for new trial was denied, and it appeals.

Plaintiff assails the verdict on the following grounds: (1) The verdict is not justified by the evidence and is contrary to law; (2) misconduct of *plaintiff's* counsel whereby plaintiff was prevented from having a fair trial; and (3) accident or surprise which could not have been prevented by ordinary prudence.

■ We have read the record and exhibits with care and find no difficulty in sustaining the trial court's ruling that these presented only issues of fact. There are so many facts showing that the corporate entity was under the domination and control of Isensee that a recital thereof will only serve to needlessly extend this opinion. The court was of the view that the following principles of law stated in Matchan v. Phoenix Land Inv. Co. 159 Minn. 132, 139, 198 N. W. 417, 420, were applicable to the facts here shown:

"Where such a thing [fraud] is attempted, 'courts of law, equity, or bankruptcy, do not hesitate to tear aside the veil of corporate entity' and ascertain 'the actual and substantial beneficiaries.'" (Citing authorities.)

As in that case, the corporation here was used by one person (Isensee) "to conceal his property from his creditors." This he cannot do. "It is not permissible on any ground." A wrongdoer "cannot escape justice simply because" his "associates are not all bad." (159 Minn. 139, 198 N. W. 420.) See, 14 C. J., Corporations, § 22, and cases under note 78; 18 C. J. S., Corporations, § 7, note 59. The trial court here was also of opinion that it was plain from the evidence that "Isensee had and exercised control and domination of plaintiff corporation," citing Lake Park Development Co. v. Paul Steenberg Const. Co. 201 Minn. 396, 401, 276 N. W. 651, 654, to the effect that:

"* * * Control and domination of a corporation may be exercised by a minority as well as a majority stockholder. The amount

of stock owned by the stockholder exercising such control is not conclusive on that issue."

*Cf.* Prudential Ins. Co. v. A. Enkema Holding Co. 196 Minn. 154, 264 N. W. 576.

■ The alleged misconduct of plaintiff's counsel is without merit and wholly insufficient to warrant the granting of a new trial. Furthermore, there is no showing that any professional failure on the part of counsel to meet Isensee's notions of what evidence should have been introduced to help plaintiff's cause was in any way traceable to any act on the part of defendant. We agree with the trial court that there is no misconduct shown.

■ The claim of accident and surprise advanced by plaintiff's present counsel, who did not try the case below, has for its foundation only what we have already stated. There is no merit in the contention.

Order affirmed.